[No. 8647.  Department Two.  June 21, 1910.]

CHARLES KNUST, *Respondent*, v. J. W. BULLOCK *et al.*,

*Appellants.*[1]

MASTER AND SERVANT—RUNAWAY TEAM—INJURIES TO THIRD PERSONS—EMPLOYMENT OF SERVANT—EVIDENCE—SUFFICIENCY.  In an action for injuries caused by a runaway team, evidence that the team belonged to the defendants establishes, prima facie, that they were in defendants' possession, and that the driver was in control of them.

APPEAL—REVIEW — HARMLESS ERROR—ADMISSION OF EVIDENCE. Error cannot be urged in the admission of statements by an agent that he was employed by the defendants, when it was not objected to at the time and a prima facie case of employment had been made out.

SAME—EVIDENCE—SUFFICIENCY.  Error cannot be predicated on insufficiency of the evidence to sustain a liability upon one ground where there was no request to withdraw that ground from the consideration of the jury, and there was sufficient to sustain a recovery on another branch of the case.

Appeal from a judgment of the superior court for King county, Irwin, J., entered October 27, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages.  Affirmed.

*Fred H. Peterson* and *Philip D. MacBride*, for appellants.

*William E. Froude* and *E. L. Rinehart*, for respondent.

MOUNT, J.—This action was brought by the respondent to recover damages for the loss of a horse, and for injuries to a wagon and harness, caused by another team of horses running away and colliding with the team belonging to the respondent.  The cause was tried to the court and a jury. A verdict was returned in favor of the respondent for $245, against appellants Bullock and wife, the owners of the team which ran away, and against James Harvey, the driver

[1]Reported in 109 Pac. 329.

thereof. This appeal is prosecuted by Bullock and wife from a judgment upon the verdict. Defendant Harvey has not appealed.

The complaint alleged, in substance, that the defendant Harvey was employed by the appellants as driver of a team of horses, and that Harvey negligently permitted the team to run away and into the respondent's horses and wagon, causing the injury complained of. The complaint also alleged that the team which ran away was wild, dangerous, and unsafe to be driven upon the public streets except by the most competent driver, and that the appellants were negligent in employing an incompetent driver. The appellants denied generally the allegations of the complaint, and then alleged, by way of affirmative defense, that they were the owners of a certain team of horses, and that on the date of the accident they let this team to the defendant Harvey, to be used exclusively by said Harvey for his own purposes and not for the business of the appellants, and that the said Harvey had the sole control of said horses, and if the respondent was damaged by reason of the use of said horses, the appellants were not responsible.

It was conceded at the trial of the cause that the team of horses which ran away belonged to the appellants, and was in charge of the defendant Harvey on that day. The evidence on the part of the respondent tended to show that Harvey left the team standing in the street in Seattle, without being hitched or guarded in any way, and while he was in a store the team ran away and did the damage complained of; that immediately after the team had run into the respondent's team and wagon, the defendant Harvey came up, and when asked whom the team belonged to, said: "I am just working for Mr. Bullock. He owns the outfit." There was evidence to the effect that the team which ran away was nervous and of a high-spirited disposition. At the close of respondent's evidence, the appellants moved the court for a directed verdict, which motion was denied. The evidence of

the appellants was to the effect that the defendant Harvey
had been employed by them for some time, but in the capac-
ity of a coal carrier and not as a driver of any team; that
on the date of the accident the team of horses was hired to
defendant Harvey, for his personal use and in no way for
the appellants. On this appeal the main contention of the
appellants is that the evidence is insufficient to show that Mr.
Harvey was the servant of the appellants at the time of the
accident, and that his declarations at that time are inad-
missible to show that he was the servant of the appellants.

In cases of this kind, where it is shown that the wagon and
team doing damage belonged to the defendants at the time
of the injury, that fact establishes *prima facie* that the wagon
and team were in possession of the owner, and that whoever
was driving it was doing so for the owner. *Edgeworth v.
Wood*, 58 N. J. L. 463, 33 Atl. 940; *Schulte v. Holliday*,
54 Mich. 73, 19 N. W. 752; *Norris v. Kohler*, 41 N. Y. 42;
*Seaman v. Koehler*, 122 N. Y. 646, 25 N. E. 353. This
being the rule, it is plain that the plaintiff made a case for
the jury, and that the court did not err in refusing to direct
a verdict in favor of the defendants. If the declaration of
the driver at the time of the accident is as a rule not ad-
missible to prove his employment, no error can be based on
that declaration in this case, because the evidence was not
objected to at the time it was given, and also because that
presumption followed as a matter of law, as we have seen
above. It was therefore harmless.

Appellants argue that there is no evidence that the team
which ran away was a vicious or dangerous team. If we
should agree with this contention, there was still enough to
go to the jury on the other branch of the case. The trial
court was not requested to take this question away from the
jury, and it is not shown that the verdict was based on such
facts. The controlling question in the case was, whether the
defendant Harvey was in the employment of the appellants,

or whether he had hired the team for his own personal use. This question was one for the jury under the evidence.

We find no reversible error in the case, and the judgment must therefore be affirmed.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.