[No. 9473.    Department One.    June 9, 1911.]

EMMA C. KNEFF, *Respondent*, v. W. B. SANFORD, *Appellant.*[1]

MASTER AND SERVANT—INJURIES TO THIRD PERSONS—SCOPE OF EMPLOYMENT—QUESTION FOR JURY. Whether a chauffeur was acting within the scope of his authority, so as to render his employer liable for an accident, is a question of fact for the jury, where it appears that the automobile was kept standing for hire in front of a hotel, that the chauffeur took a telephone girl home from her work at the hotel, without collecting any fare, which the owner had permitted on at least one other occasion, that the chauffeur injured a pedestrian on his return trip, and that the chauffeur was not discharged; and it is not sufficient to overcome the *prima facie* case, as a matter of law, although he and the owner testified that he acted contrary to instructions in taking the girl home without collecting a fare.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered October 18, 1910, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

[1]Reported in 115 Pac. 1040.

*Phelps & Selden,* for appellant.
*Ray & Dennis,* for respondent.

PARKER, J.—This is an action to recover damages for personal injuries, claimed by the plaintiff to have resulted to her from the negligent operation of an automobile belonging to the defendant while it was in charge of one Boldman as plaintiff's chauffeur. A trial before the court and a jury resulted in a verdict and judgment in favor of the plaintiff. The defendant has appealed.

The negligence upon which the verdict and judgment rest is that of Boldman, the chauffeur, and it is insisted by counsel for appellant that the question as to whether or not the agent was acting within the scope of his employment was, under the evidence, a question of law calling for a directed verdict in appellant's favor. This is the only question presented for our consideration.

Appellant is the owner of several passenger automobiles which he operates for hire. These are kept standing in front of the Tacoma Hotel, at Tacoma, when not actually engaged in carrying passengers, with a view to securing passengers from the hotel or through orders received at the hotel by telephone message. On October 30, 1909, and for some ten days prior thereto, Boldman was employed by appellant as one of his chauffeurs in charge of one of these machines. Boldman's hours to be on duty were from noon until midnight. He was paid by a commission on the amount of fares earned by the machine he was in charge of. About 6 o'clock in the evening of October 30, 1909, and while he was on duty, a Miss Johnson, one of the telephone girls at the hotel, came out of the hotel, evidently on her way home from work. Boldman then asked her if she did not want to ride home, to which she replied she did, and thereupon he took her in his machine to her home. It was upon returning to the hotel from Miss Johnson's home on this trip, Boldman being alone in the machine, that respondent was injured. When Miss

Johnson was taken into the automobile, nothing was said about her fare, and no fare was ever collected from her or charged to her. The regular fare for the trip would have been about $1.50. Appellant learned of the trip and the accident soon thereafter. He kept Boldman in his employ about ten months thereafter, and says: "He would be in my employ yet, only he quit. I did not discharge him. He quit himself." These facts appear by the record and are not disputed. It seems to us that these facts, standing alone, are clearly sufficient to support the verdict and judgment, unless we must hold, as a matter of law, that the evidence offered by appellant overcame the *prima facie* case thus made against him.

In *Knust v. Bullock*, 59 Wash. 141, 109 Pac. 329, we said:

"In cases of this kind, where it is shown that the wagon and team doing damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the wagon and team were in possession of the owner, and that whoever was driving it was doing so for the owner."

See authorities there cited.

The only evidence tending to overcome this presumption that Boldman was acting within the scope of his employment at the time of the accident is the testimony of the appellant and Boldman. It is, in substance, that appellant had instructed his chauffeurs, including Boldman, not to take the telephone girls home in the automobiles unless instructed so to do by appellant, or upon payment of their fares, and that Boldman was not instructed to take Miss Johnson home on this occasion. Appellant admitted that he had caused two of the telephone girls to be taken from the hotel on their way home, on at least one other occasion. This evidence, coming from appellant and Boldman, both of whom were interested witnesses, we think did not call for an instructed verdict in favor of appellant. The question presented, in its last analysis, is one of fact, and therefore cannot be determined by us in appellant's favor as a matter of law. *Gosline v. Dry-*

*foos*, 45 Wash. 396, 88 Pac. 634; *Johnson v. Great Northern Lumber Co.*, 48 Wash. 325, 93 Pac. 516; *Ireland v. Scharpenberg*, 54 Wash. 558, 103 Pac. 801; *Gibson v. Chicago, Milwaukee & Puget Sound R. Co.*, 61 Wash. 639, 112 Pac. 919; *Sonnentheil v. Moerlein Brewing Co.*, 172 U. S. 401.

It is true that Boldman is not interested in the case as a party, but his friendly business relations with appellant we think were such as to bring him within the rule which requires us to leave to the jury the question of the weight to be given his testimony, because of such interest. Moore, Facts, § 90.

The principal reliance of counsel for appellant seems to be upon the cases of *Jones v. Hoge*, 47 Wash. 663, 92 Pac. 433, 125 Am. St. 915, 14 L. R. A. (N. S.) 216, and *Slater v. Advance Threshing Co.*, 97 Minn. 305, 107 N. W. 133. These cases, however, we think do not turn upon questions of fact. The facts there involved seem to be without dispute. We are of the opinion that the cause was properly submitted to the jury. The judgment is affirmed.

DUNBAR, C. J., MOUNT, GOSE, and FULLERTON, JJ., concur.