[No. 11091. Department One. July 12, 1913.]

## J. SPENCER PURDY, *Respondent*, v. E. B. SHERMAN, *Appellant*.[1]

HIGHWAYS—USE — NEGLIGENT DRIVING — OWNERSHIP OF VEHICLE— QUESTION FOR JURY. In an action for damages caused by an automobile, ownership of the automobile establishes *prima facie* that it was driven for and in the possession of the owner, making a question for the jury, although the driver testified that he was operating it upon an independent percentage basis.

SAME—DAMAGES—SPECULATIVE DAMAGES. In an action for injuries sustained by a physician in an automobile collision, plaintiff's loss of a prospective surgical operation which he was hindered from performing is too remote and speculative to form the basis of a recovery.

TRIAL—VERDICT—IMPEACHMENT AND EXPLANATION—AFFIDAVIT OF JUROR. Where, in an action for damages, the evidence and instructions improperly submitted to the jury an item which was too remote and speculative to form the basis of a recovery, the error cannot be

[1]Reported in 133 Pac. 440.

shown to be harmless by an affidavit of a juror that the item was not considered, as it would show disobedience to the instructions and be an impeachment of the verdict.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered November 11, 1912, upon the verdict of a jury rendered in favor of the plaintiff, for damages sustained in an automobile collision. Modified.

*E. C. Dailey*, for appellant.

*Faussett & Smith*, for respondent.

CHADWICK, J.—An automobile, driven by one Thomason but owned by the defendant, was carelessly driven into a machine driven and owned by plaintiff. Plaintiff brought this action to recover for personal injuries suffered, for damage to the machine, and for some special damages. A verdict was returned in favor of the plaintiff for $585, and defendant has appealed.

The principal error assigned is that the verdict is contrary to the law and the evidence, and that a motion for an instructed verdict should have been sustained. The defense was that the machine was operated by Thomason upon an independent percentage basis; that he was a principal and not the agent of the defendant. The evidence offered by defendant might have sustained a verdict in his favor, but under repeated decisions of this court the jury was not bound to believe such testimony, the ownership of the automobile being admitted to be in the defendant.

"In cases of this kind, where it is shown that the wagon and team doing damages belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the wagon and team were in possession of the owner, and that whoever was driving it was doing so for the owner." *Knust v. Bullock*, 59 Wash. 141, 109 Pac. 329.

See, also, *Kneff v. Sanford*, 63 Wash. 503, 115 Pac. 1040; *Burger v. Taxicab Motor Co.*, 66 Wash. 676, 120 Pac. 519. Whether the *prima facie* case made by the respondent was

overcome was a question for the jury, and it has decided that it was not.

One of the items of damage claimed is the loss of a certain surgical operation. Respondent is a physician and surgeon, and conducts a hospital near the town of Sultan. This is objected to as an improper element of damage, and in support of his motion for a new trial appellant has submitted the affidavit of the prospective patient or subject showing that it is extremely improbable that respondent suffered any loss on this account. The operation was prospective, and its performance, under respondent's own testimony, would be so speculative and uncertain as to afford no proper foundation for an assessment of damages.

Respondent does not seriously contend that this item can be lawfully recovered, but meets the argument of appellant with an affidavit signed by one of the jurors in which it is said that the loss of the surgical operation was not considered by the jury, and that it was not included in the verdict. Respondent then insists that, inasmuch as he claimed a greater sum than was allowed by the jury, the error, if any, was harmless.

The law will presume in aid of a verdict that all matters testified to and submitted by the court to the jury were considered, and this presumption cannot be overcome by the affidavit of a juror. The issue inheres in, and becomes a part of the verdict. To put verdicts upon issues properly submitted at the mercy of a juror, or to make them subject to explanation, would make trials by jury useless, for if jurors can disobey the instructions of the court and then be heard to affirm such disobedience in aid of a verdict that *might* have been rendered for the amount returned, they could also be heard to impeach the verdict as between the parties.

No authority is cited, nor do we find any, that will sustain the supporting affidavit of the juror. The amount claimed on account of the lost surgical operation is $60.

The case will be remanded with directions to the lower

court to enter a judgment for the sum of $525, provided a remission of all in excess of that sum is filed within thirty days after the remittitur goes down; otherwise a new trial will be granted. Appellant will recover costs in this court, and respondent will recover costs in the court below.

MOUNT, PARKER, and GOSE, JJ., concur.