[No. 14770. Department Two. August 14, 1918.]

### JOHN MOORE et al., Appellants, v. F. S. RODDIE, Respondent.[1]

MASTER AND SERVANT—RELATION—INJURY TO THIRD PERSON—QUESTION FOR JURY. Where a driver of an automobile is employed to hold himself ready to drive at all hours, the fact that he took a car to go to his supper and to return to the garage, cannot relieve him of employment as agent of the owner; the question being one for the jury, under Rem. Code, § 5562-33, relating to the liability of owners, and under the *prima facie* case made by ownership and the presumption of agency if the owner intrusts a dangerous instrumentality to another or leaves it so that another may use it.

MUNICIPAL CORPORATIONS—USE OF STREETS — AUTOMOBILES — CONTRIBUTORY NEGLIGENCE. The contributory negligence of a pedestrian, struck by an automobile driven at excessive speed, is a question for the jury, where there was evidence that she looked both ways before starting to cross the street and saw no car, and she may or may not have been at a crossing where a city ordinance gave pedestrians the right of way.

TRIAL—QUESTION OF FACT. The weight and credibility of the testimony of interested witnesses upon disputed contradictory facts is for the jury where reasonable minds might differ.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 23, 1917, upon an order granting a motion for judgment notwithstanding verdict, in an action for personal injuries. Reversed.

[1]Reported in 174 Pac. 648.

*Walter S. Fulton,* for appellants.

*Roberts, Wilson & Skeel* and *Farrell, Kane & Stratton,* for respondent.

Holcomb, J.—In this action appellants recovered damages for personal injuries caused by respondent's automobile. Respondent owned two automobiles, a touring car and a Metz roadster, used principally for business. One Wakelin was employed to drive both cars when occasion arose, both day and evening. The cars were kept at a garage some distance from the home. On the evening of the accident respondent had the touring car at home. It is claimed by respondent that the driver, without his knowledge and consent, took the Metz car from the garage to go to his own home for his supper, and that this he had permission to do when required to return for further duty for his master, but not otherwise; and that on this occasion he had been notified at about six o'clock he would not be needed further that evening. While he was returning to the garage east on Pike street and at the intersection of Terry avenue, Seattle, he collided with Mrs. Moore who was walking across Pike street from the northwest corner of Pike and Terry to Hubbell Place. The testimony shows that the machine was run at an excessive rate of speed, without sounding of the horn or giving any warning of its approach. Respondent pleaded contributory negligence, in that Mrs. Moore was not at a street crossing. At the close of the evidence the respondent challenged the sufficiency of the evidence. The cause was submitted to a jury, which returned a verdict of $5,500 in favor of appellants. The court denied a motion for new trial, but granted judgment for respondent *non obstante veredicto,* which appellants assign as error.

The chief question is, whether the owner of an automobile is responsible for the negligence of a driver of a machine when operating the same for the owner or as his agent. The driver was employed to hold himself ready at all times to drive one of the cars. The mere fact that he used the Metz car to go to his supper and to return to the garage cannot relieve him of the employment as an agent of the owner. Under the evidence it was a question for the jury.

Rem. Code, § 5562-33, provides:

"Nothing in this act shall be construed to curtail or abridge the right of any person to prosecute a civil action for damages by reason of injury to person or property resulting from the negligent use of the public highways by the driver or operator of any motor vehicle or its owner or his employee or agent, and the owner of such vehicle shall be equally liable for the negligent operation thereof, when at the time of such injury the vehicle was operated by the agent of such owner, or by any person employed by him for the purpose of operating such vehicle."

An automobile is a dangerous instrumentality, and, if the owner entrusts it to another or leaves it so that another may use it, that other must be presumed to be the agent of the owner. In *Knust v. Bullock*, 59 Wash. 141, 109 Pac. 329, it is said:

". . . where it is shown that the wagon and team doing damage belonged to the defendants at the time of the injury, that fact establishes *prima facie* that the wagon and team were in possession of the owner, *and that whoever was driving it was doing so for the owner.*"

Ownership of the automobile having been admitted, it is plain that the plaintiffs made a *prima facie* case for the jury and, unless overcome by defendant's testimony, are entitled to recover. The testimony shows that Mrs. Moore looked both ways before starting to

cross the street, but did not look after that as she thought the way was clear. The testimony is somewhat contradictory as to whether she was at a street crossing or below the same. There is varying testimony that she was carried from thirty to forty feet after being hit by the car, and some witnesses testified that she was carried about eighty feet. There was introduced a city ordinance which gives the pedestrian the right of way upon crossings, while automobiles have the right of way between crossings. As to all this contradictory evidence, it was a question for the jury whether plaintiff's acts were free from contributory negligence. Whether the driver was acting for the owner or his own personal benefit was not conclusively established, but was a disputed question of fact for the jury. The owner's daughter testified that she telephoned the driver at 6:15 p. m., while he was at the garage, that he was not needed any more for the evening. The owner of the car and the driver testified to the same effect. Phillips' evidence was introduced to impeach the driver's testimony. The fact that the driver had no regular hours of employment, but might be called at any time both day and evening under a steady employment, is a circumstance to consider. The weight and credibility of the testimony of interested witnesses is also for the jury, who may disregard the same. The jury were not bound to believe the testimony in this respect. *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040; *Purdy v. Sherman,* 74 Wash. 309, 133 Pac. 440.

This case is readily distinguishable from that of *Babbitt v. Seattle School Dist. No. 1,* 100 Wash. 392, 170 Pac. 1020, where there were no disputed facts for the jury to decide; in this case, as is seen, the contradicted facts are numerous. It is not our duty to trench upon the province of the jury when there are disputed

contradictory facts concerning which reasonable minds might differ.

The trial court erred in entering judgment *non obstante veredicto,* and the judgment is reversed and the cause remanded with instructions to enter judgment on the verdict.

CHADWICK and TOLMAN, JJ., concur.