[No. 15843. Department Two.   July 26, 1920.]

SWEN OLSON et al., Respondents, v. W. H. S. CLARK et al., Appellants.[1]

MASTER AND SERVANT (172)—INJURY TO THIRD PERSONS—SCOPE OF EMPLOYMENT — TRANSFER OF MOTOR AND DRIVER — LIABILITY OF HIRER. A person renting or leasing a vehicle and driver, agreeing to pay a certain amount per day therefor, is liable to third persons for injuries sustained by such vehicle due to the negligence of the driver.

SAME (183)—INJURY TO THIRD PERSONS—ACTIONS—INSTRUCTIONS. In an action for injuries sustained in a collision with a rented truck, the issue as to whether defendant rented the truck is properly submitted by instructions telling the jury that it was for them to determine whether defendant rented it for himself and assumed control of the work done by it.

[1]Reported in 191 Pac. 810.

SAME (182-1) — INJURY TO THIRD PERSONS — ACTIONS — QUESTION FOR JURY. Upon an issue as to whether defendant rented a truck which collided with and injured plaintiffs, the question is for the jury, where the defendant did the hiring and gave directions as to the work, notwithstanding defendant's son testified that he instructed defendant to hire the truck for him upon his work, in which the defendant had no interest.

APPEAL (413)—REVIEW—VERDICT. A verdict upon conflicting evidence will not be disturbed on appeal where there is any competent evidence to sustain it.

Appeal from a judgment of the superior court for Lewis county, Card, J., entered December 12, 1919, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a collision with an auto truck. Affirmed.

*Hayden, Langhorne & Metzger,* for appellants.

*C. A. Studebaker* and *H. E. Donohoe,* for respondents.

HOLCOMB, C. J.—On June 28, 1918, plaintiff Olson and wife, while driving a horse and buggy along the county road near Winlock, were struck by an automobile truck owned by Fred Veness and A. C. Sheves and driven by one Smith. In this collision Mrs. Olson was severely injured, and the vehicle in which she and her husband were riding was damaged. The Olsons brought this action against defendants Clark, on the theory that defendants were hirers of the truck and that Smith, the driver, was their employee or servant. As to defendants Robert Clark and wife, a nonsuit was entered. Defendants W. H. S. Clark (called Henry Clark) and wife also moved for a nonsuit and for a directed verdict, both of which motions were denied. The jury returned a verdict in favor of plaintiffs, and from the judgment entered upon that verdict, defendants have appealed.

For a further and more particular statement of the facts, reference is made to *Olson v. Veness,* 105 Wash. 599, 178 Pac. 822, that being an action arising from the same circumstances here involved.

Here the controlling question is: Were appellants the hirers of the truck and, as such, responsible for the negligence of the driver in causing the collision, resulting in the injuries of which respondents complain? While generally true, as urged by appellants, that the owner of an automobile is *prima facie* responsible for the negligence of the driver, that rule is not inexorable, as decided in *Olsen v. Veness, supra.*

Over the objection of appellants, the court gave the jury the following instruction:

"Members of the jury, it is the law that one who hires from another a vehicle and driver, and agrees to pay therefor a given amount per day, is responsible for any accident or injuries caused by such vehicle and driver, if due to the negligence and want of care of the driver, even though such driver might be paid by the owner of such vehicle. In other words, after the owner has turned such rented vehicle and driver over into the control of the person renting or leasing same, then such latter person stands in the same position with third persons as though he were the owner, and is liable to any third persons for all injuries caused by such vehicle, or truck, due to the negligence and want of care of the driver of same."

We think this instruction correctly stated the law as laid down in *Olsen v. Veness, supra.* That case came before us on an appeal from the action of the trial court in sustaining a motion of defendants Veness and Sheves for a nonsuit (respondents here being appellants in that case), and we said:

"To our minds, the question of control of operation is the determining factor in this case. The respondents [Veness and Sheves], in the course of business, had transferred the vehicle and driver to the control of the

hirer, who alone could say where and in what the work of the truck should thereafter consist, and if this effected a transfer of control it must, *ipso facto,* have effected a transfer of responsibility. If such be the fact, we feel that respondents' contention, that the hirer stood, in relation to the law of this case, as if he had purchased the truck and hired the driver, must logically follow.''

Part of another instruction which the court gave the jury reads as follows:

"It is for you to decide whether or not the defendant W. H. S. Clark hired the truck which caused the accident if you find that the accident was caused by a truck, and whether he hired it for himself or for use in his business or for someone else, and further, whether or not by such contract of hiring he assumed control of the method of the performance of the work to be done by the truck. . . .''

This instruction clearly and correctly submitted to the jury the issue determinable by them. It was a pure question of fact upon which there was sharp conflict in the testimony.

The chief testimony on the proposition of who was the hirer and in control of the truck at the time of the injury was by the parties themselves. Some of it was testimony as to admissions and declarations on the part of Henry Clark at the trial of the former case and elsewhere.

Upon a motion for a directed verdict in behalf of appellants, the trial court, in disposing of the same, stated:

"There is a conflict on the facts; Mr. Olson's testimony against Mr. Clark's. Of course that question can go to the jury. The only question is this presumption as to responsibility, liability for operating the truck on the part of the owner. I consider that settled by this decision I have taken notice of. The decision holds that the owner of this particular truck is not

liable and that the operator or hirer as it were [is], so that the case is sufficient to go to the jury. . . ."

The testimony shows that the son made no arrangements at all concerning the hiring, and had not seen his father for a week before the accident. It was the father, Henry Clark, who, on the evening before the accident, gave the driver Smith directions when and where to go and what road to take; and it was while the driver was following such directions that the accident occurred. The contract in writing, which was lost, if signed at all by either Clark, was signed by Henry Clark, ostensibly as principal; and he kept it himself until it was lost. While the son, Robert Clark, did testify that it was his work that the truck was hired for, that he instructed his father to rent the truck for him, and that his father had no interest whatsoever in his [Robert Clark's] contract or the business being conducted by him, the jury was not bound to believe his evidence. Under this state of the facts, the trial court properly submitted the case to the jury, and in doing so properly gave the instructions heretofore quoted, and there was no error in refusing to give the instructions requested by appellants.

We are not inclined to depart from the rule we have so often announced and uniformly followed, which is that a verdict upon conflicting evidence, where there is any competent testimony to sustain the verdict, will not be disturbed upon appeal.

There are other assignments of error, including alleged misconduct of counsel for respondents in argument to the jury. They have all been carefully examined and are found to be without sufficient merit to warrant discussion.

The judgment is affirmed.

Bridges, Fullerton, Mount, and Tolman, JJ., concur.