[No. 16282. Department One. April 12, 1921.]

FRANCES K. SAMUELS, *Respondent*, v. HIAWATHA HOLSTEIN DAIRY COMPANY *et al., Appellants.*[1]

MASTER AND SERVANT (172, 182-1)—LIABILITIES FOR INJURIES TO THIRD PERSONS—SCOPE OF EMPLOYMENT—QUESTIONS FOR JURY. The existence of the relation of master and servant is a question for the jury, in an action for personal injuries resulting from being run down by defendant's motor truck, although the driver testified he was using it out of business hours in his own private affairs without authority of the defendant, where he was contradicted by circumstantial evidence showing he was at the time engaged in defendant's business.

EVIDENCE (53) — COMPETENCY — RES GESTAE — STATEMENTS AFTER EVENT. Declarations made by the driver of defendant's automobile truck, almost immediately after running down the plaintiff while preparing to board a street car, that there was rain on the windshield of his car and he did not see her, and that he was speeding at the street corner and passing the street car because he was in a hurry to complete his deliveries and check in, were admissible in view of the fact he was operating the car in the business of defendant; and though not introduced in proper order, was without prejudice, since it was competent as rebuttal evidence controverting the testimony of the driver.

MASTER AND SERVANT (183) — LIABILITY FOR INJURIES TO THIRD PERSONS—INSTRUCTIONS. In an action for personal injuries caused

[1]Reported in 197 Pac. 24.

plaintiff by the driver of defendant's automobile truck, it is proper to instruct that, whenever the presumption of operation of the motor truck by the owner exists by reason of ownership, the burden is cast upon the owner to overcome such presumption by competent evidence, the court by other instructions having informed the jury that the burden of sustaining all of plaintiff's affirmative allegations remained upon her throughout the trial.

APPEAL (456)—REVIEW—ERROR CURED BY STRIKING OUT. Testimony by a witness for plaintiff on cross-examination that the driver of defendant had stated to him that the defendant had insurance, was without prejudice, where the answer was immediately stricken and the jury instructed to disregard it.

DAMAGES (84) — EXCESSIVE VERDICT — INJURIES TO THE PERSON. Damages in the sum of $10,000 for personal injuries are not excessive, where plaintiff suffered a comminuted spiral fracture of one leg above the knee, the broken bones protruding from the flesh, permanent injury to the back from which she was suffering intense pain at time of trial, the skin was scraped from her hand and body, and the injured leg will be permanently almost one inch shorter than the other, requiring a special shoe to equalize the length of her limbs.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered August 7, 1920, upon a verdict rendered in favor of plaintiff, in an action in tort. Affirmed.

*E. J. Cannon, F. J. McKevitt*, and *E. Eugene Davis*, for appellants.

*E. O. Connor* and *M. E. Mack*, for respondent.

HOLCOMB, J.—After a verdict in favor of respondent for $13,000 general damages, together with the sum of $1,205 for doctor bills, hospital fees, nurse hire, and clothing, awarded by a jury, the trial court denied a motion for judgment notwithstanding the verdict, and denied a motion for a new trial, conditioned upon the respondent remitting the sum of $3,000 on the verdict as general damages, and the sum of $163 from the verdict on the items for doctor bills, hospital fees, nurse hire and clothing, upon the ground, as to the latter,

that the jury had included $163 which had not been proven or admitted, and respondent filing her submission to the remission of the above items, a new trial was thereupon denied and judgment entered accordingly.

Appellant, The Hiawatha Holstein Dairy Company, a corporation, is the principal and real party in interest as defendant in this case, the other corporation being organized for the purpose of taking over the business of the Hiawatha Company at the time of the injuries complained of, but which had not done so, and the Hiawatha Company was operating the business and the automobile truck in question.

The automobile truck of the Hiawatha Company, driven by its driver, ran down and injured respondent, a single woman, thirty-five years of age, who was, at the time, attempting to board a street car at the usual place of stopping and receiving and discharging passengers.

If the evidence for respondent was true, as found by the jury, the truck driver violated the state and the city law and was guilty of very gross negligence, and respondent was guilty of no contributory negligence, as a matter of law, the facts being for the jury.

The accident occurred on Third avenue at its intersection with Sherman street, in the city of Spokane, on October 28, 1919, at about 7:30 o'clock p. m. Respondent was waiting on the sidewalk at the street crossing at the corner of Third avenue and Sherman street to board a car going west. At the same time, a man by the name of Devenere was waiting at the same crossing, and standing a few feet west of respondent. They saw the street car coming from the east, and an automobile some distance beyond the car. They

walked straight out from the curb at the street cross-
ing on the pavement to the street car, Devenere being
about five feet west of respondent. Respondent care-
fully looked twice for an automobile coming on that
side of the street from the east before leaving the curb,
but saw only the automobile truck a block away, and
thought she had ample time to board the car. When
the street car stopped, it stopped a short distance to
the west of respondent, and she was obliged to face to
the west and take a step or two to reach the rear en-
trance of the street car, and while so doing was struck
in the back by the truck; she, standing at the time
about or within two feet from the street car, was
knocked down and dragged about sixty feet under the
truck before the truck was stopped. Devenere, who
was standing at the crossing ready to board the car,
was in a position facing the oncoming truck, and
stepped back, narrowly escaping being run down. The
front wheels of the truck passed over respondent, and
she was taken out from under the hind wheels. Wit-
nesses for respondent testified that the auto truck was
running from twenty-five to thirty miles per hour.
There was an arc light at the street intersection and
the arc light was burning directly over the place where
the accident occurred. Respondent was in plain view.
There was room between respondent and the curbing
for the auto truck to pass respondent between her and
the curb. There is evidence that the driver did not
slacken his speed and blew no horn, and the driver
testified that he did not see respondent until he was
five feet from her.

Respondent suffered serious and permanent in-
juries. There was a compound comminuted spiral frac-
ture of the right leg above the knee; her back was per-

manently injured, from which she still suffered intense pain at the time of the trial; skin was scraped from her hand and body; the bones broken in the leg lacerated and protruded from the flesh, and her right leg will be nearly one inch shorter than the other, permanently. She is obliged to wear a special shoe with a sole about an inch higher in order to equalize the length of her limbs.

The foregoing is a summary of the case made by respondent, on which the jury found in her favor.

Appellants admitted that the auto truck in question belonged to, and was operated by, the Hiawatha Company, but pleaded affirmatively that the driver, Heineman, was not, at the time, engaged in the business of the company, and further, that respondent was guilty of contributory negligence, in that she did not approach the street car at the street intersection, but some feet easterly of the crossing intersection, and that she did not look for automobiles from the east when crossing the portion of the street between the curb and the street car; and pleaded an ordinance of the city of Spokane containing a section as follows:

"Pedestrians shall have the right of way at the street intersections and crossings; vehicles the right of way between intersections and crossings."

Appellants' affirmative allegations were denied by respondent. Respondent, in her amended complaint, pleaded ordinances of the city of Spokane, as follows:

"Outside of the congested districts no vehicle shall pass a street car loading or unloading passengers, at a rate of speed in excess of six miles per hour, nor shall such vehicle pass such street car loading or unloading passengers unless the vehicle clear the car so stopping at least six feet from the running board of the car.

"Unceasing vigilance shall be exercised on all streets at all times by the drivers of vehicles whenever a street car stops or passengers are assembled to take a street car."

Also:

"In no case shall any motor vehicle or street car be driven or operated or moved over any street, avenue, alley or public highway in the city of Spokane at a rate of speed faster than 12 miles per hour at any crossing within the thickly settled or business portion of the city of Spokane, . . . . . nor in any portion of the city of Spokane faster than twenty miles per hour. . . . ."

And also:

"No person driving or operating any vehicle or street car shall drive or operate the same in any other than a careful and prudent manner, nor at any greater speed than is reasonable and proper, having due regard to the traffic and use of the way by others, or so as to endanger the life or limb of any person."

The primary question urged by appellants, aside from the question of contributory negligence, is the question of whether or not appellants' truck, at the time of the accident, was being operated in appellants' behalf, or whether the doctrine of *respondeat superior* would apply.

It is admitted that the truck belonged to appellants the Hiawatha Company, and that the driver, Heineman, was in the employ of appellant, and it was shown by appellants that the hours of employment of Heineman were from 8 a. m. to 5 p. m., and that all drivers had received positive instructions, both written and oral, not to take appellants' automobiles from their place of business after working hours. It is further testified that the particular truck that caused the in-

jury was a freight delivery truck, used by appellants in hauling wholesale milk and cream between its plant and the depot. The place where the accident happened was entirely off the down town route. Heineman, the driver, himself testified that he had finished his work at 5 o'clock, and according to his instructions should have put the truck in the appellants' garage, but that, on that day, he had bought some groceries, including a sack of flour, and had taken the truck, without permission, to the grocery store, and driven thence to his home, about three miles from the center of the city, and after getting supper and delivering the groceries at his home, he was returning the truck to the garage of appellant.

Controverting the testimony of appellants, respondent, by testimony of several witnesses, showed that, at the time of the injury, Heineman was in his working clothes; that he had milk crates and ice cream tubs on the truck, which he used in deliveries to customers; that he was on his way back to the place of business of appellants; that he was identified by several witnesses as the driver who made deliveries at night and to stores. Witnesses positively identified him as the one who had made deliveries with this auto truck in the locality in which the injury occurred during the summer and fall of 1919. There was evidence that the manager of appellant had solicited business in that section of the city, the goods to be delivered at night, before 9 o'clock.

The conflicting evidence upon that point raised a question of fact for the jury under proper instructions, and it was for the jury to say whether the driver, Heineman, was, at the time of the injury, using appellants' automobile in their business. *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50

L. R. A. (N. S.) 59; *Knust v. Bullock,* 59 Wash. 141,
109 Pac. 329; *Kneff v. Sanford,* 63 Wash. 303, 115 Pac.
1040, 2 N. C. C. A. 422; *Burger v. Taxicab Motor Co.,*
66 Wash. 676, 120 Pac. 519; *Purdy v. Sherman,* 74
Wash. 309, 133 Pac. 440; *Maskell v. Alexander,* 91
Wash. 363, 157 Pac. 872, L. R. A. 1918C 929; *George
v. Carstens Packing Co.,* 91 Wash. 637, 158 Pac. 529,
and *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648.

It is a positive statutory rule in this state (Rem.
Code, § 5562-33) that the owner of such vehicle shall
be liable for the negligent operation thereof when, at
the time of such injury, the vehicle was operated by
the agent of such owner, or by any person employed
by him for the purpose of operating such vehicle.

"Ownership of the automobile having been admitted,
it is plain that the plaintiffs made a *prima facie* case
for the jury and, unless overcome by defendant's testi-
mony, are entitled to recover." *Moore v. Roddie,
supra.*

While largely circumstantial, the evidence was ample
to justify the finding of the jury in favor of respondent
upon the question of the employment and agency of
the driver of the truck.

Another contention of appellants is that the court
allowed the introduction of declarations and statements
made by Heineman, the driver, almost immediately
after respondent was taken out from under the truck
and carried into a store, to the witness Devenere, and
also to a police officer, to the effect that he did not see
the girl; that there was rain on the windshield of his
car, and that the reason for his speeding at the street
corner and passing the street car taking passengers
aboard was that he was in a hurry to complete his de-
liveries and check in. Appellants objected to this testi-
mony on the ground that it was not part of the *res*

*gestae,* and it tended to bind appellants by the declarations of one not shown to be their agent at the time, and was improper and incompetent for any purpose.

The court instructed the jury that the above testimony was only to be considered by them for the purpose of determining whether or not the driver was negligent.

There is no question but that the testimony was perfectly competent for that purpose, and if it was a question only of the liability of the driver for his own negligence, it would have been competent for any purpose, even as a part of the *res gestae;* and when it was shown by the evidence, and found by the jury, that Heineman was at the time operating the car in the business of his employer, we think the testimony was wholly competent. Certainly, it could not have prejudiced the appellants because of the limited effect allowed the testimony by the jury under the instructions of the court.

Although not introduced in proper order, the evidence would have been wholly competent to controvert Heineman's evidence in rebuttal of appellants' case, had it been so offered. Since Heineman testified in appellants' behalf, there was no prejudice to appellants in receiving the evidence when it was offered.

Certain instructions given by the court are complained of by appellants, and the refusal to give certain instructions requested by appellants.

We have carefully examined all of the instructions given and refused, and are satisfied that the instructions as given, as a whole, stated the law in regard to such issues very clearly and succinctly.

One instruction complained of by appellants is that the court instructed the jury that whenever such presumption (of operation by the owner) exists by reason

of such ownership, the burden is then cast upon the defendants to overcome such presumption by competent evidence, and that it was the duty of the jury to determine the question whether the driver was engaged in the business of the defendant from all the evidence and circumstances shown by the evidence. This instruction stated the law as laid down in *Birch v. Abercrombie, supra,* and several later cases.

By proper instructions the court informed the jury that the burden to sustain all her affirmative allegations remained upon the plaintiff throughout the trial. In one instruction the court charged the jury:

"If you find that the driver was using the automobile solely to go to his meals or his home, the appellant owner would not be liable."

We are of the opinion that the instructions as a whole stated the law as favorably to appellants' contentions as could be stated, and that there was no error in any of them, or in the refusal to give the instructions requested by appellants.

It is also contended by appellants that a witness for respondent having testified, upon cross-examination by appellants, that Heineman, the driver, had stated to the witness that the Hiawatha Company had insurance, constituted prejudice to appellants.

Upon the answer by the witness, counsel for appellant objected to that part of the answer, and moved to strike it, and the court immediately granted the motion, and it was promptly assented to by counsel for respondent. The jury were also instructed to disregard the answer. We can find nothing prejudicial in this to appellants.

Appellants also insist that the damages allowed were excessive, and that the inclusion of $163 in the award

for $1,205 for doctor bills, hospital fees, nurse hire and clothing, being without warrant in the evidence, showed bias and prejudice on the part of the jury, and that the $13,000 general damages awarded by the jury was excessive.

The $163 allowed by the jury for special items of damage to respondent was evidently allowed inadvertently and upon a miscalculation of the amounts admitted as constituting such items for doctor bills, hospital fees, nurse hire and clothing. As to the general damages, we cannot believe that the $10,000 allowed by the court for the serious permanent injuries and the pain and suffering occasioned to respondent is in the least excessive. We might have allowed the $13,000 to stand as no more than ample, had the trial judge so determined. At all events, the trial judge, who heard all the evidence and saw the witnesses, has exercised his discretion and reduced the verdict $3,000, and we can find no warrant for disturbing that result.

The evidence in this case, as shown by respondent, shows a case of utter recklessness on the part of appellants' driver and amply sustains the verdict. We can find no prejudicial error against appellants in the trial of the case.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.