[No. 16780. Department Two. April 13, 1922.]

R. H. MITCHELL et al., *Respondents*, v. R. I. CHURCHES, *Appellant*, A. E. COLBARD, *Defendant*.[1]

MUNICIPAL CORPORATIONS (386) — USE OF STREETS — PLEADING— AUTO IN CHARGE OF DRUNKEN DRIVER. A complaint against the owner of an automobile for damages caused by a drunken driver of the car states a cause of action where it alleges that the owner permitted the driver to take out the car knowing that he had a quart of whiskey, was going on a spree, and in the habit of getting drunk and liable to injure others while driving in that condition.

SAME (392)—USE OF STREETS—LIABILITY FOR ACTS OF DRUNKEN DRIVER—INSTRUCTIONS. In such a case, it is proper to instruct that the owner would be liable for damages for which the driver would be liable, if he loaned him the car knowing that he was liable to become intoxicated, under such circumstances as would produce in the mind of a reasonable man reasonable grounds for belief that he might become intoxicated.

SAME (389) — USE OF STREETS — INSUFFICIENCY OF EVIDENCE— DRUNKEN DRIVER. In such a case, there is sufficient evidence to go to the jury on the question of the owner's liability, where it appears

[1] Reported in 206 Pac. 6.

that the owner admitted that the driver and his companion were in the habit of taking the car out for parties after work, and that they could not have been very intoxicated because they had only one quart of whiskey with them and were good drinking men.

Appeal from a judgment of the superior court for King county, Ronald, J., entered May 19, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages sustained to an automobile through a collision. Affirmed.

*Glenn C. Beechler,* for appellant.
*Flick & Paul,* for respondents.

HOLCOMB, J. — Respondents had judgment in the court below for property damages in the sum of $747.25, alleged to have been sustained to their automobile through a collision between it and an automobile operated by defendant Colbard.

At the time of the collision, the automobile operated by Colbard belonged to appellant Churches. Churches was not in the automobile at the time nor present.

At the date of the accident, and for some time prior thereto, Churches was working as a salesman for a baking powder concern in Seattle. He was employed and paid by one Stout, who represented the company. Defendant Colbard worked for the same company. On the day of the accident, Churches permitted Stout to take the automobile, Churches and Stout testifying that Stout was going to use it for the purpose of going to a ball game with his wife. Stout often used the automobile in the business of the company for which he, Churches and Colbard worked. There was testimony by Stout and Churches that Stout paid Churches the sum of one dollar per week for the use of the car when he desired it; that Stout paid for some of the repairs and gasoline, and that Churches paid a part of

the expenses. After Stout left the office where he and Churches worked, he took Colbard and several others in the car, permitting Colbard to drive. At the time of the collision, Colbard was driving, and Stout was on the seat beside him.

The collision occurred about 4 o'clock in the afternoon of May 2, 1920, on Cherry street, between Fourth and Fifth avenues, in Seattle. This is a hill street, and respondents were driving down the street on the right-hand side towards Fourth avenue, while appellant's car was being driven up the hill towards Fifth avenue. The amended complaint alleged, and the evidence in behalf of respondents showed, that Colbard was pursuing a very erratic and zigzag course up the hill. There was evidence tending to show that Colbard and Stout were under the influence of liquor, and intoxicated at the time, and that the accident was due to the reckless speed at which Colbard was driving the car, and his intoxicated condition.

Stout, being absent from the state, was not sued. He testified by deposition.

The allegations of the amended complaint as to the ownership of the automobile were that Churches and Colbard were jointly interested in the car driven by Colbard at that time, using it in joint adventures and under joint payments of expenses. It is alleged that Colbard approached Churches on the day in question, stating to him that he would use the machine on that afternoon; that he and several friends were going out to a drinking party; that he, at that time, had a quart of whiskey with him, displaying it to Churches; that Churches well knew that Colbard was in the habit of getting drunk; that there was great danger that he might injure pedestrians or others when in that condition, and that well knowing the fact that it was the

intention of Colbard and his friends to go out upon a spree, as they termed it, he gave his consent to the use of the machine, well knowing the consequent danger.

Appellant demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action against him, which demurrer was by the court overruled. Churches then answered by way of general denial, and pleaded contributory negligence.

The first of the fourteen assignments of error by appellant is based upon the overruling of the demurrer to the amended complaint. The argument upon this assignment is that, even if defendants were the joint owners of the automobile being driven by Colbard, then, under the decisions of this court, Churches could not be held liable. It is asserted that this court has held that, when one of two persons, being joint owners of an automobile, was using it on a pleasure trip of his own, and not on behalf of, nor within the reasonable scope of, any partnership business, the other joint owner is not liable for damages sustained in a collision caused through the negligent driving of his co-owner; citing *Hamilton v. Vioue,* 90 Wash. 618, 156 Pac. 853, L. R. A. 1916E 1300; and that this court has always held that, in order to hold the owner of an automobile for the negligence of another in driving, the relationship of agency or service must be established; citing *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59; *Olsen v. Veness,* 105 Wash. 599, 178 Pac. 822, and *Olson v. Clark,* 111 Wash. 691, 191 Pac. 810. The statute, Rem. Code, § 5562-33, is also quoted as follows:

"Nothing in this act shall be construed to curtail or abridge the right of any person to prosecute a civil

action for damages by reason of injury to person or property resulting from the negligent use of the public highways by the driver or operator of any motor vehicle or its owner or his employee or agent, and the owner of such vehicle shall be equally liable for the negligent operation thereof, when at the time of such injury the vehicle was operated by the agent of such owner, or by any person employed by him for the purpose of operating such vehicle."

Appellant insists that at best Colbard, in his relation to the machine at the time of the collision, could be considered only as a bailee, and that this could not in any way create a liability on the part of appellant for Colbard's negligence; citing *Lloyd v. Northern Pac. R. Co.*, 107 Wash. 57, 181 Pac. 29, 6 A. L. R. 307.

We have consistently held through a long line of decisions that the relation of owner and agency at the time of the act complained of must be established, or at least must present such a question of fact as to the truth of the agency on the part of the one causing the injury as to leave it a question for the jury. *Purdy v. Sherman*, 74 Wash. 309, 133 Pac. 440; *Knust v. Bullock*, 59 Wash. 141, 109 Pac. 329; *Delano v. La Bounty*, 62 Wash. 595, 114 Pac. 434; *Kneff v. Sanford*, 63 Wash. 503, 115 Pac. 1040, 2 N. C. C. A. 422; *Glover v. Richardson & Elmer Co.*, 64 Wash. 403, 116 Pac. 861; *Minor v. Stevens*, 65 Wash. 423, 118 Pac. 313, 42 L. R. A. (N. S.) 1178, 2 N. C. C. A. 309; *Hammons v. Setzer*, 72 Wash. 550, 130 Pac. 1141; *Birch v. Abercrombie*, *supra*; *Maskell v. Alexander*, 91 Wash. 363, 157 Pac. 872, L. R. A. 1918C 929; *George v. Carstens Packing Co.*, 91 Wash. 637, 158 Pac. 529; *Peters v. Casualty Co.*, 101 Wash. 208, 172 Pac. 220; *Moore v. Roddie*, 103 Wash. 386, 174 Pac. 648; *Moore v. Roddie*, 106 Wash. 548, 180 Pac. 879; *Macale v. Lynch*, 110 Wash. 444, 188 Pac. 517; *Buckley v. Harkens*, 114 Wash. 468, 195 Pac.

250; *Samuels v. Hiawatha Holstein Dairy Co.,* 115 Wash. 343, 197 Pac. 24. And we have consistently held, as in *Purdy v. Sherman, supra,* and *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648, that, where nothing but the testimony of interested witnesses as to the ownership of the car and the agency of the driver at the time of the injury was presented to the jury, the jury was not bound to believe such testimony, where the ownership of the automobile was admitted or was conclusively shown to be in the defendant.

In the case at bar, while the ownership of the automobile was denied by appellant's answer, he admitted at the trial that he was the owner of the car, and in fact testified positively that he was the sole owner of it. The question of the sufficiency of the complaint, however, was determined by something more than the mere ownership of the car and the agency of Colbard. The complaint alleged that appellant knowingly loaned or let the car to Colbard to be used by him for pleasure purposes, knowing that at the time Colbard was drinking, and was going out on a drinking party, and had a quart of whiskey with him, and that appellant well knew that Colbard was in the habit of getting drunk, and that there was grave danger that he might injure pedestrians or others while in that condition; and, knowing that fact, and that it was the intent of Colbard and his friends to go out upon a spree, as they termed it, gave his consent to the use of the machine, well knowing the consequent danger.

These allegations, we consider, made the complaint invulnerable to demurrer. We consider it not only common sense, but common law and justice, that one cannot let or loan to another, knowing that other to be reckless and incompetent, and in such a condition that he would be reckless and incompetent, an instru-

mentality which may be a very dangerous one in charge of such a person. Berry on Automobiles (3d ed.), § 1040, states the rule to be:

"Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his want of age or experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine.

"An automobile is a machine that is capable of doing great damage if not carefully handled, and for this reason the owner must use care in allowing others to assume control over it. If he intrusts it to a child of such tender years that the probable consequence is that he will injure others in the operation of the car, or if the person permitted to operate the car is known to be incompetent and incapable of properly running it, although not a child, the owner will be held accountable for the damage done, because his negligence in intrusting the car to an incompetent person is deemed to be the proximate cause of the damage.

"In such a case of mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver; negligence of the owner in intrusting the machine to an incompetent driver, and of the driver in its operation."

And in Huddy on Automobiles (5th ed.), § 642, it is said:

"If the person to whom the machine is loaned is an incompetent driver, it may be that the owner can be charged with negligence, but it is necessary in such a case that the injured person assume the burden of showing that the driver's want of skill was known to the owner."

It must be considered as incontrovertibly established that appellant was the owner of the car at the time of

the injury. It is also indisputably established that the car was not being used in any business for appellant, or for his benefit, but was being used solely for the pleasure of Stout and Colbard.

The question presented for determination here is whether Churches, as owner of the car, would be liable for damages caused by Stout and Colbard if, as alleged in the complaint, Churches knew or had reason to believe that Stout and Colbard were incompetent or reckless persons to drive the car or have it in their charge; and the circumstances were such that he was negligent in permitting them to take the car out upon that occasion.

The case went to the jury under instructions by His Honor, the trial judge, that if Churches loaned the automobile with the intention or understanding that Colbard was to drive it, and with the knowledge that Colbard was likely to become under the influence of intoxicating liquors, and if, with that knowledge, he intrusted the automobile to Colbard under such circumstances as would produce in the mind of a reasonable man reasonable grounds for belief that the driver of the automobile might become intoxicated, then and in that event, if Colbard is liable, Churches would be liable. The jury were further instructed that to determine Colbard's liability, whether he was negligent or not, depends upon how well his conduct conformed to the rules of law relating to drivers of automobiles; and that it is the law that no person, while intoxicated, shall operate an automobile on the streets of Seattle; and that if Colbard operated the auto in violation of, or without regarding any of the foregoing rules, then he is guilty of negligence, and if his negligence were the proximate cause of the collision he would be liable.

While the question is one of first impression in this state, we are inclined to the view that the trial court was correct as to the law of the case and instructed the jury properly in that regard. It is well settled, and we held in *Moore v. Roddie,* 106 Wash. 548, 180 Pac. 879, that automobiles are not to be classed with such highly dangerous agencies as dynamite or ferocious animals, and are not dangerous *per se.* Prudently driven they are safer than horse-drawn vehicles, but unskillfully or recklessly driven they are much more dangerous than horse-drawn vehicles, and on that account, as well as the temptation to speed, which they constantly present, surely impose upon owners some degree of care in the selection of experienced drivers for them. In the case of a mere permissive use, the liability of the owner should rest not only upon the fact of ownership, but upon the combined negligence of the owner and the driver; negligence of the owner in intrusting the machine to an incompetent and reckless driver, and of the driver in its operation. *Parker v. Wilson,* 179 Ala. 361, 60 South. 150, 43 L. R. A. (N. S.) 87.

One of our great difficulties here is in determining whether or not there was sufficient evidence to go to the jury as to appellant's negligence in letting or loaning the automobile to Colbard and Stout. There is no doubt, under the evidence in this case, that Colbard was driving, at the time of the accident, very incompetently and recklessly, and was zigzagging back and forth across the street at a very high rate of speed. The collision was unavoidable on the part of respondents. One of the plaintiffs testified that, when the three men got out of appellant's car, he could smell liquor strongly upon the breath of Colbard. One of the men ran from the scene, and one of them was said to have

fallen upon the street. The next morning appellant stated, in the presence of one of the plaintiffs and a disinterested witness, something to the effect that the men in the car could not have been greatly intoxicated because they had only one quart of whiskey with them and that they were good drinking men. Plaintiff Mitchell also testified that appellant stated to him that Stout and Colbard were in the habit of taking the car out for parties after they got off shift on Saturday afternoons. Stout and Churches both testify that they did not have the habit of taking the car out on parties on Saturday afternoons, and that Stout and Colbard were not intoxicated, although Stout admitted that they had taken a drink about 10 o'clock in the forenoon in the office. They are both interested witnesses, whom the jury were not bound to believe.

While the evidence is extremely slight, as was stated by the trial judge, nevertheless the trial judge in the exercise of his discretion refused to grant a new trial, and also denied the motion for judgment n.o.v., and we are of the opinion that the evidence was sufficient to submit to the jury, and from which the jury might fairly infer the negligence of appellant alleged in the complaint.

The judgment is therefore affirmed.

PARKER, C. J., MAIN, and MACKINTOSH, JJ., concur.