[No. 18991. Department Two. February 11, 1925.]

JEAN GRIFFIN, *Respondent,* v. W. R. SMITH, *Appellant.*[1]

MASTER AND SERVANT (172, 182)—INJURY TO THIRD PERSON—SCOPE OF EMPLOYMENT—EVIDENCE. Upon the negligent driving of an automobile, proof or admission of the ownership of the car raises a *prima facie* case of liability of the owner, to be rebutted by proof that it was not being driven upon an errand or the business of the owner.

SAME (172, 182). A finding that an automobile was being driven on the business of the owner is sustained by the evidence, where it appears that the driver was not on any mission of his own, but on a mission for some one else in response to a telephone call received at a taxi stand of which the owner of the car was a joint owner.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered September 20, 1924, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Affirmed.

*Theodore B. Bruener,* for appellant.

*Fred G. Clarke* and *Joseph Oakland,* for respondent.

[1]Reported in 232 Pac. 929.

HOLCOMB, J.—Respondent brought this action against appellant to recover damages for injuries to her Buick sedan automobile, as the result of a collision between her car and a seven-passenger Hudson car owned by appellant but driven by one Landrum. The collision occurred April 22, 1923, on the Olympic Highway, six or eight miles east of Montesano. Respondent was driving in an easterly direction and appellant's car was proceeding in a westerly direction. An Overland car belonging to one Benson, standing in the highway facing west, with the right wheels off the pavement, caused the driver of appellant's car to turn sharply to the left colliding almost head-on with respondent's car.

Respondent had judgment in the lower court for $767.05, with costs.

No question is urged by appellant on this appeal as to the negligence of the driver of appellant's car in causing the collision, the sole contention being that the operator of the car, at the time of the collision, had no authority to drive it, and that the car was taken and driven without the authority, knowledge or acquiescence of appellant.

It is undisputed that Landrum, the driver of appellant's car, was not on any mission of his own, but was driving the car on a mission for someone other than himself; that he went on this mission in response to a telephone call apparently received at a taxi stand of which appellant Smith was a joint owner.

Appellant testified that Landrum, the driver, had no authority to drive the Hudson car on this mission. Landrum was not produced in court. The trial court found that, on the date in question, appellant was the owner of the Hudson car, and that it was then and there being operated for and on behalf of appellant by an agent and employee of appellant.

Appellant contends that, while it is true the proof of admission of the ownership of the offending car raises the presumption that it was being used in the business or upon an errand of the owner of the car, nevertheless, when it is disputed that the operator of the offending car was upon an errand or the business of the owner of the car, that the presumption is then rebutted, and the court should have dismissed the action.

It is almost exclusively a question of fact involved in this case. When the ownership of the automobile was proven or admitted a *prima facie* case had been made, unless overcome by testimony to the contrary, upon which plaintiff was entitled to recover. *Knust v. Bullock,* 59 Wash. 141, 109 Pac. 329; *Kneff v. Sanford,* 63 Wash. 503, 115 Pac. 1040; *Burger v. Taxicab Motor Co.,* 66 Wash. 676, 120 Pac. 519; *Purdy v. Sherman,* 74. Wash. 309, 133 Pac. 440; *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 822, 50 L. R. A. (N. S.) 59; *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648; *Samuels v. Hiawatha Holstein Dairy Co.,* 115 Wash. 343, 197 Pac. 24; *Mitchell v. Churches,* 119 Wash. 547, 206 Pac. 6; *Vernarelli v. Sweikert,* 123 Wash. 694, 213 Pac. 482.

As was said in *Moore v. Roddie, supra,* "The weight and credibility of the testimony of interested witnesses is also for the jury, who may disregard the same. The jury were not bound to believe the testimony in this respect." The same is true of the trial judge as the trier of the facts.

Appellant himself cannot be said to have been a disinterested witness, nor can his partner Dollman be said to be a disinterested witness, for in case Smith is not liable individually, then the partnership of Dollman and Smith may be liable for the injuries, and the testimony of Dollman is to be considered in the same

light and subject to the same rules as that of the appellant Smith. That circumstance doubtless weighed with the trial court in weighing the evidence.

Hence we cannot say that the evidence preponderates against the findings, conclusions and judgment of the trial court so that they should be disturbed.

Not being able to so say, the judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.