[No. 26191. Department One. December 23, 1936.]

FRIEDA E. LEHMAN, *Appellant* v. COLUMBIA FIRE INSURANCE COMPANY *et al., Respondents.*

FRIEDA E. LEHMAN, *Appellant,* v. DETROIT FIRE & MARINE INSURANCE COMPANY, *Respondent.*[1]

*J. R. Cissna,. Harold Hestnes, Raymond D. Ogden,* and *Ward W. Roney,* for appellant.

*Clarke & Clarke,* for respondents.

[1]Reported in 63 P. (2d) 442.

BLAKE, J.—The plaintiff, Frieda E. Lehman, is the daughter of F. Richard Lehman and Elise Lehman. For a number of years prior to January 2, 1935, the family lived on the premises known as 12740 Victory way, in Seattle. The property belonged to the parents, and title rested in them. On the day mentioned, they deeded the property to plaintiff. On the previous August 26th, the defendant Detroit Fire & Marine Insurance Company issued to F. Richard Lehman a fire insurance policy in the amount of two thousand dollars on the dwelling house and furniture located on the property. This policy was endorsed to plaintiff as of January 12, 1935. January 11, 1935, the defendant Columbia Fire Insurance Company issued its policy to plaintiff in the same amount upon the same property. In the morning of February 6, 1935, F. Richard Lehman set fire to the property, and it was totally destroyed.

Frieda E. Lehman brought these actions to recover on the policies. The causes were consolidated for trial, and resulted in judgments of dismissal, from which plaintiff has appealed.

The cases were tried to the court, which made findings of fact. The assignments of error, with one exception, which we shall first notice, are directed to the findings of fact and conclusions of law. The exception is the admission of an exhibit in evidence over appellant's objection. This was a written statement, signed by F. Richard Lehman, in connection with the report of the fire to an insurance agent. Since the cases are here for trial *de novo,* it will be unnecessary to discuss the admissibility of the exhibit. For our conclusion has been reached upon evidence wholly independent of the declarations contained in the exhibit. We have considered the record as though the exhibit had not been admitted in evidence.

Among others, the court made findings to the following effect: That the transfer of the property, made by F. Richard Lehman and wife on January 2, 1935, to appellant, was colorable only; that the actual ownership and control of the property were retained by the parents; that the transfer was made with the fraudulent purpose of setting fire to the property and collecting on the insurance policies. The significance of these findings rests in an admitted fact. F. Richard Lehman had a fire record such as to preclude his obtaining fire insurance. (A few days before the fire with which we are now concerned, Detroit Fire & Marine Insurance Company, having discovered the identity of the assured, ordered its policy cancelled.) In the course of eight or ten years, he had three major fires on the same premises (the last in 1933), as the result of which dwelling houses and contents were destroyed. In addition, a chicken house had been destroyed by fire. There had also been two minor fires in chicken houses on the place.

Appellant did not claim to have ever been in possession of the deed to the property. She never had possession of the insurance policies. She personally had nothing to do with the transfer of the Detroit Fire & Marine Insurance Company policy from her father to herself. Her father took out, in her name, the policy with the Columbia Fire Insurance Company. On February 6th, it was her father who reported the loss to the insurance companies. With the exception of her own personal effects, her father and mother made up the items of loss, and fixed valuations. They sought in nearly every instance to establish cost price as the value of the lost items. Even appellant, estimating the value of her own clothes a year and a half old, entered their value at cost price.

Shortly after the deed was executed, appellant's

father had on negotiations for the sale or trade of the property. Admittedly, he did not consult appellant with respect to them.

We find nothing in the record that indicated that appellant ever exercised, or her father ever relinquished, dominion over the property.

There was no pretense that a present consideration passed from appellant to her parents for the transfer of the property. Of course, love and affection is a sufficient consideration for a deed of gift between parent and child. But appellant claims that there was a valuable consideration as well. She testified that it had been her practice from the time she started to work in 1925 up to two months before the transfer to turn her pay check over to her father. Out of it he returned to her twenty dollars a month. The balance, amounting to from seven thousand dollars to ten thousand dollars, she claimed went into improvement of the place.

Taking the testimony of appellant alone, it might support a finding that the transfer was made for a valuable consideration. Her testimony was uncorroborated, however, and the court was not obliged to accept it at face value. *Griffin v. Smith,* 132 Wash. 624, 232 Pac. 929; *Taber v. Bauer,* 173 Wash. 96, 21 P. (2d) 1028.

On the other hand, all the facts and circumstances surrounding the transfer and use of the property contradict appellant's claim that there was consideration, either good or valuable, for the deed. Whatever presumption of consideration attached to the execution and delivery of the deed was, to our minds, clearly and convincingly overcome by the evidence.

We are satisfied from the evidence, as was the trial court, that the transfer was colorable only; that it was made with the intent and purpose of firing the prop-

644

erty and defrauding the insurance companies. In other words, appellant's parents, and not she, were at all times the beneficial owners of the property.

Judgments affirmed.

MILLARD, C. J., MAIN, STEINERT, and GERAGHTY, JJ., concur.