WILLIAM H. DIXON, appellant,

*v.*

JOSEPHINE T. DIXON, respondent.

[Argued March 15th, 1906.  Decided November 19th, 1906.]

A father who lived separate from the mother petitioned for the custody of his children, three and four years old, for the whole or a part of the time, not alleging or proving, however, that the mother was pecuniarily unable or otherwise unfit to take care of them. Petition denied, but provision made for father's visits to them.

On appeal from a decree in chancery advised by Vice-Chancellor Stevens, who filed the following conclusions:

The twelfth section of the act of 1902 (*P. L. 1902 p. 264*) provides as follows:

"When any husband and wife shall live in a state of separation, without being divorced, and shall have any minor child of the marriage, the chancellor, upon the said child being brought before him upon *habeas corpus*, shall award the custody of such child, and make such order relating thereto for the access of either parent to such child, at such times and under such circumstances as he may decree expedient."

The ninth section provides that in making such decree·

"the rights of both parents, ·in the absence of misconduct, shall be held to be equal, and the happiness and welfare of the children shall determine the custody or possession."

The application in question is made by the father under these provisions. It relates to two children—William P. Dixon, Jr., born March 19th, 1902, and Barbara Dixon, born April 30th, 1903.

The parents have separated. The father is living with his parents in New York City and the mother is keeping house in Madison, N. J., in possession of the two children. In his peti-

tion for the writ of *habeas corpus* Mr. Dixon prays that the custody of his children may be awarded to him for the whole or a portion of the time, or that such order may be made with respect to their care and custody as shall be just as between him and his wife.

The wife is admitted to be in all respects a proper person to have the care of these children. Her parents are persons of wealth and provide her with the means of maintaining a home for herself, in Madison, where they themselves live in a house near by. Under these circumstances, I do not think that, under a statute such as ours is, any precedent can be found for compulsorily depriving the mother, even for a limited time, of the care and custody of children of such tender years. The request made on the argument that each parent should have the custody of one or both of the children for half the year appears to be entirely inadmissible. Under present conditions, and at their tender age, I do not think that the children should be separated from their mother, against her consent, even for a lesser period.

It appears that the parents of both husband and wife reside in New York City during the winter. As I gather from the evidence, Mr. Dixon lives with his parents there and Mrs. Dixon with hers. While in New York, I think the children should be taken by their nurses to the home of their father's parents for such reasonable time during the morning or afternoon of one or two days in each week as may accord with the father's engagements. While the children are in Madison Mr. Dixon should be permitted to visit his children once a week, at a time mutually convenient, and at some place—either the mother's home or elsewhere—that the parties may agree upon.

*Messrs. Lindabury, Depue & Faulks,* for the appellant.

*Messrs. Collins & Corbin,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons set forth in the opinion filed in the court of chancery by Vice-Chancellor Stevens.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GAR-
RETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDEN-
BURGH, VROOM, GREEN, GRAY, DILL—13.

*For reversal*—None.