[No. 16935. Department One. April 8, 1922.]

LELIA GONINON *et al., Respondents,* v. HARMON I. LEE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (381, 392)—USE OF STREETS—RATE OF SPEED—INSTRUCTIONS. Error cannot be predicated upon an instruction as to negligence in case the maximum speed was exceeded, where there was evidence from which the jury could reasonably conclude that the limit was being exceeded.

SAME (380, 392)—USE OF STREETS—ORDINANCES—CROSSINGS—INSTRUCTIONS. In an action by a pedestrian, struck by an automobile when about to board a street car stopping near a crossing, it is proper to instruct that a traffic ordinance as to the right of way "at any crossing," does not mean the exact mathematical lines of the street, but means close proximity to the line where a prudent person would have a right to be when proceeding to step upon a street car at the crossing.

Appeal from a judgment of the superior court for King county, Brinker, J., entered July 16, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by an automobile. Affirmed.

[1]Reported in 206 Pac. 2.

*Van Dyke & Thomas,* for appellants.

*James A. Dougan,* for respondents.

MITCHELL, J.—Respondent was struck and injured by an automobile driven by the appellant, on California avenue near its intersection with Lander street, in the city of Seattle, about 6:30 o'clock in the evening, February 9, 1921. She sued and recovered judgment in the sum of $500, from which an appeal has been taken.

There is a positive difference between the theories of the respective parties in their pleadings and proof as to how the collision occurred.

Section 72 of the traffic code of the city (Ordinance No. 41,695), plead in the complaint, is as follows:

"When overtaking or passing a street car on its right hand side, a driver of a vehicle shall bring such vehicle to a full stop before passing over or by any place, where a street car is stopping, or stopped, and shall not proceed when persons are getting on or off, or about to get on or off said street car, unless said driver can maintain a distance of at least six feet between said vehicle and the running board or lower step of such street car."

It was further alleged that the respondent was at the corner of the two streets, intending to take a southbound street car on California avenue at that crossing; that, as the street car approached Lander street, she looked to the north on California avenue for approaching vehicles and saw none, other than the one driven by the appellant, which at that time was some six hundred feet distant, driving toward her; that she stepped from the sidewalk to a point close to, and within two or three feet of, the west rail of the westerly or southbound street car track on the avenue, just in time to take the street car; that, while she was in that position,

and when the street car she intended boarding had come practically to a stop and the gates about to be opened to permit her to enter the street car, the automobile driven by the appellant approached, and in direct violation of the terms of the ordinance mentioned, drove within less than three feet of a street car, at a high rate of speed, and that by reason of such carelessness and negligence, ran upon her and caused the injuries complained of.

Strikingly different, the appellants, in their answer, rely upon certain sections of the traffic code which provide:

"Persons waiting for a street car shall not step into the street sooner, nor on leaving a car remain in the street longer than is necessary";

"Pedestrians shall have the right of way over vehicles at street intersections and crossings . . .; vehicles shall have the right of way over pedestrians between street intersections and crossings . . .";

"In crossing streets, pedestrians shall look out for vehicles and street cars, and particularly on the left, until reaching the center line of the street, and then on the right"; and

"No person shall stand or loiter in such a manner as to interfere with or obstruct traffic."

It is then alleged in the answer that the respondent, negligently and in violation of the ordinance, took a position on California avenue in direct line of automobiles traveling south, being west of the street car track and a number of feet east of the west curb of the avenue, at a point seventy-five to ninety feet north of Lander street, at a time when weather conditions and darkness precluded her presence and position being observed by an automobile driver until getting close to her; that the nearest street car traveling south was considerably more than a block in the rear of appellant's automobile; that the automobile was being op-

erated in accordance with the requirements of the ordinance and the law of the road; that appellant could not, owing to the weather conditions and darkness, see the respondent in the position she occupied until he arrived near her, when immediately he used the devices on the machine for stopping, and swerved the car, attempting not to strike her, but found it impossible to avoid injuring her.

Each party submitted substantial proof to sustain his pleading and theory, thus creating a situation peculiarly the province of the jury to decide.

The jury was instructed that, between street intersections, the maximum rate of speed allowed automobiles under the city law was twenty miles an hour, and that any greater speed would constitute negligence and entitle the plaintiff to recover unless her injuries were caused proximately by her own negligence. The instruction was excepted to, and it is now assigned that the giving of it was error, because there was no evidence in the case that the automobile was being driven at more than twenty miles an hour. If so, it is difficult to see how the instruction could have been prejudicial; but, while no one testified in express number of miles that the automobile was being driven at more than twenty miles per hour, there was evidence of distances and comparisons of time between the travel of the automobile and of the respondent from which the jury may have fairly and reasonably concluded the automobile was traveling in excess of twenty miles an hour.

The jury was instructed that the street intersection does not mean the exact mathematical line at which the north and south lines of one street cross the east and west lines of another street, but that it means any point close to the mathematical line where a person, acting reasonably and prudently, would have a right

to step for the purpose of either crossing the street upon which he was proceeding or step upon a street car at the crossing. The instruction was excepted to and is assigned as error. The section of the ordinance speaking of the speed of motor vehicles says: "At any crossing, etc.". The primary meaning of the word "at," as defined by Webster, is: "A relation of proximity to, or of presence in or on, something." As applied to the present case, the instruction was not out of place or incorrect.

The tenth instruction, which was excepted to, is sustained by the case of *Moore v. Roddie,* 103 Wash. 386, 174 Pac. 648.

The giving of a number of other instructions, which were excepted to, constitutes other assignments of error. The argument upon these assignments is that the instructions were inapplicable, a contention resting upon appellant's views of what the clear preponderance of the evidence in the case was. But the preponderance of the evidence is a matter for the jury in all cases, such as this, where there is a conflict of substantial proof in favor of each of the parties to the controversy. The instructions complained of were justified and correct upon respondent's theory of the case.

It is also assigned as error that the court refused to give a number of instructions requested in writing by the appellants. They are in no manner argued in the briefs nor orally, and from the examination of the record we are satisfied that, to the extent they expressed correct rules of law applicable to the case, they were sufficiently included in instructions that were given.

Finding no error, the judgment is affirmed.

PARKER, C. J., HOVEY, FULLERTON, and TOLMAN, JJ., concur.