STUART W. McLAUGHLIN, petitioner-appellant,

*v.*

VIRGINIA W. McLAUGHLIN, defendant-respondent.

[Submitted October term, 1942. Decided January 22d, 1943.]

*Messrs. Hopkins, Vorburger & Dickson,* for the petitioner-appellant.

*Mr. David Green,* for the defendant-respondent.

The opinion of the court was delivered by

THOMPSON, J.

This is an appeal from a decree of the Court of Chancery awarding to the respondent, divorced wife of the appellant, custody of their children pending the determination of the respondent's proceeding to set aside the husband's decree of divorce, which decree had also awarded custody of the children to him.

The background of the case is briefly as follows:

The wife left the husband, complaining of his unendurable conduct. She went to Baltimore for medical treatment and met there another man with whom she fell in love. Thereupon she decided to go to Puerto Rico, get a divorce from her husband and marry the other man. She claims her husband knew of and participated in the preliminaries and helped to arrange for the Puerto Rico divorce, and that her husband's attorney gave advice and information on the subject. She went to Puerto Rico, procured a divorce there, married the other man, whereupon her husband in New Jersey instituted a divorce action against her on the ground of her adultery and claiming the Puerto Rico divorce to have been a nullity and as having been procured by fraud upon the Puerto Rico court. The wife claims that her husband and his attorney threatened that if she resisted his divorce action and did not co-operate in securing the divorce the husband would expose certain of her alleged misconduct and exploit affidavits in regard thereto. She alleges they thus forestalled a defense by her to the divorce action. The divorce was granted to the husband and he was given custody of the children.

The wife subsequently found that her new husband was himself a fraud and bigamist, having had a wife and children at the time he married Mrs. McLaughlin. She secured an annulment of that marriage.

Prior to these incidents there appears to have been a written agreement between Mr. and Mrs. McLaughlin for a separation and custody of and visitation with the children. This agreement was not brought to the attention of the court at the time the husband secured his divorce in New Jersey, the husband claiming that he thought the agreement was by

that time a nullity due to the divorce proceedings by the wife in Puerto Rico and her marriage there.

In May, 1942, the wife petitioned the Court of Chancery to vacate the divorce decree previously granted to her husband, basing her petition on the ground of fraud on his part in the procurement of the divorce. She also sought the awarding of the custody of their children to her, claiming that the husband had departed from the terms of the agreement they had between them respecting the custody of the children, and also that the affections of the children for their mother were being alienated by the father and his new wife whom he had married after the final decree of divorce. While this proceeding was pending, and in the month of August, 1942, Mrs. McLaughlin secured from the Court of Chancery an order directing the husband to show cause why the custody of the children should not be given to her immediately and *pendente lite.* The advisory master advised an order granting the custody to the mother with the right to the father to visit the children.

The husband appeals from such order, alleging (1) that the granting of it amounts to a determination of one of the issues (the right to custody) in the main case; (2) that custody is *res adjudicata* under his divorce decree (not so as to custody of children in matrimonial matters); and (3) because the husband was given practically only two days to assemble his opposing affidavits in the wife's *pendente lite* application for custody, which time he claims was not enough to procure the affidavits necessary to defend and to give the whole proof to the court as a basis for a full and fair determination.

The question is, was there an abuse of discretion in the narrow limitation of time imposed upon the appellant within which to meet the issue created by his wife's application for the *pendente lite* custody, and whether there was a failure of due process in this respect.

Of course, it is well settled that in such cases the best interest of the children is the paramount consideration of the court, not the contentions of the parents. But the parents do have certain claims and rights, according to circumstances,

with reference to contact with their children where there is separation and litigation between the parents, and they are entitled to have the circumstances heard and weighed by the court as a basis for determining the custody, partial or whole, and the privilege of visitation, and a reasonable opportunity to present the facts, so that neither be unjustly deprived of association with their offspring. The appellant contends he did not have the reasonable opportunity to bring to the court for its consideration facts and circumstances in support of his claim to retain the custody of the children.

It appears that on August 10th, 1942, after the main case had been tried before the advisory master, and before it was decided, the respondent filed a supplemental petition praying for an order awarding her the custody of the children pending the determination of her original application. An order to show cause was thereupon made on August 10th, 1942, returnable August 13th, 1942, three days later, why the custody of the children should not be awarded to respondent until the further order of the court. On the return day appellant presented to the court affidavits tending to show the impossibility of obtaining and presenting answering affidavits in so short a time and requesting a continuance. Appellant's affidavit showed that the petition and order to show cause were actually served August 11th, 1942, leaving only two days actual notice, and that counsel was unable to confer with the appellant until the afternoon of August 12th because he was actually engaged in the United States District Court. A continuance was denied and the order taking the children from their father and placing them in the custody of the mother was advised; though granting immediate custody to the mother, with privilege of visitation by the father, it gave both of the parties the right to file further affidavits. But this order was a determination and required the appellant herein to obey the mandate of the court.

We are of the opinion that in view of the previous history of this case, and the fact that the main action had been tried before the advisory master and his determination was still pending, two days notice to the appellant to meet with adequate proof the sudden application of the wife to take appel-

lant's children from his custody and the refusal to extend appellant's time for a reasonable period to present his case, under the circumstances shown by him, amounted to an abuse of discretion and was tantamount to a failure of due process and the denial of a reasonable opportunity to defend. The order appealed from will be reversed to the end that the appellant be given a reasonable opportunity to present his defense to the application for the *pendente lite* order.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.