10 N.J. Super. 132 (1950)
76 A.2d 722
THIRZA E. MATFLERD, PLAINTIFF-RESPONDENT,
v.
RUDOLPH C. MATFLERD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1950.
Decided November 14, 1950.
*134 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Milton M. Unger argued the cause for the plaintiff-respondent (Messrs. Milton M. and Adrian M. Unger, attorneys).
Mr. Morris N. Hartman argued the cause for the defendant-appellant (Mr. Dougal Herr, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The issue on this appeal involves the custody of Charles Matflerd, infant son of the parties hereto, who was born on February 7, 1948. Defendant, Rudolph C. Matflerd, appeals from the judgment of the Chancery Division of this court, awarding the custody to the plaintiff, Thirza E. Matflerd, and directing defendant to pay to plaintiff the sum of $97.85, representing charges for moving plaintiff's furniture. The plaintiff is a resident of the State of New York and defendant resides in New Jersey.
No useful purpose will be served by reviewing the evidence in detail. Suffice it to say, the parties were married at New York City on June 17, 1944, at which time defendant was a medical student and plaintiff a student nurse. Both were residents of New York State. Prior to August, 1948, there were no serious differences. The incident which disrupted their marital life occurred in August, 1948, when Mrs. Matflerd, in an apparent state of remorse, confessed to her husband that during her coverture she had committed an act of adultery with a former school teacher. The breach caused thereby widened as the weeks and months passed. Mrs. Matflerd, *135 evidently obsessed with the notion that she might lose the custody of her child, on numerous occasions manifested emotional and mental anxiety and apprehension. A final separation of the parties occurred sometime early in 1949, after which the plaintiff went to Reno, Nevada, for the avowed purpose of obtaining a divorce, the trip being financed by her husband. Her divorce plans were abandoned, however, when her husband insisted that the decree must provide for the award of the custody of the child to him. Thereupon, Mrs. Matflerd returned to her home in New York, travelled to New Brunswick in a futile attempt to gain possession of her child from her husband's parents, and thereupon instituted this action for separate maintenance for herself, custody of the child and his support. Upon conclusion of the hearings which extended over a period of several months, the Chancery Division held that while both parents were suitable persons to have the custody of the child, under the proofs, Mrs. Matflerd was the most suitable one to whom to entrust him. The trial court dismissed plaintiff's complaint for separate maintenance and to establish an interest in certain bank accounts; awarded custody to the mother with generous rights of visitation to the father, provided plaintiff enter into a bond in the sum of $1,000 for the production of the child whenever the court may so direct; made an allowance of $10 per week for the support of the child, plus reasonable medical and dental expenses; directed defendant to pay to plaintiff the sum of $97.85 for van charges for moving furniture and allowed plaintiff counsel fees and costs.
Appellant contends that the judgment of the Chancery Division should be reversed, on the grounds that the mother is an unfit person and has questionable mental stability; that both parents having been judged to be competent and fit persons, the child's custody should not be awarded to his non-resident wife in view of R.S. 9:2-4; that the deposition of Dr. Bernstein, psychiatrist, was erroneously admitted in evidence and that the court erred in directing him to pay for the charges for moving plaintiff's furniture.
*136 The trial court found: "From my examination of the medical testimony of the plaintiff and from my observation of the plaintiff in court, I felt that her moodiness, her nervousness and her threats and acts to harm herself were due in part to the incompatibility of plaintiff and defendant and mainly due to remorse and regret over her act of adultery. Plaintiff shows no animosity towards her husband; plaintiff admits defendant loves the child; and that the child has received excellent attention at her mother-in-law's home," also, that she admitted her act of adultery in "a frank, although non-callous, manner," and "there is no doubt that by training and upbringing plaintiff is well qualified to care for her child and to instill in the child love and affection for the defendant-father. She is conscious of her duty as a custodian of the child. * * * I am convinced plaintiff will devote her life to him." Our examination of the record convinces us of the accuracy of the court's findings. Neither the father nor the mother has the greater right of the custody of their child in a contest between them. Turney v. Nooney, 5 N.J. Super. 392, 397 (App. Div. 1949). The happiness and welfare of the child is the determining factor. Seitz v. Seitz, 6 N.J. Super. 65 (App. Div. 1949). In promoting the child's welfare, the court should strain every effort to attain the affection of both parents rather than one. In the absence of misconduct by the mother, it is customary to award to her the custody of a child of tender years. Dixon v. Dixon, 71 N.J. Eq. 281 (E. & A. 1906). The misconduct of the wife does not preclude the award of custody to her, if the proofs establish that his best interests and welfare are served thereby. Feinberg v. Feinberg, 59 A. 880 (Ch. 1905, not officially reported); affirmed, 72 N.J. Eq. 445 (E. & A. 1907); Dilatush v. Dilatush, 86 N.J. Eq. 346 (Ch. 1916); Bakley v. Bakley, 65 A. 440 (Ch. 1907, not officially reported). Each case must be determined on its own peculiar facts. In determining to which parent the child should be delivered, the court will consider the personal safety, morals, health and happiness of the child. Children of tender years are not *137 awarded to the mother because of any rule or law, but only because the mother will take better and more expert care of a small child than can the father. Seitz v. Seitz, 1 N.J. Super. 234, 240 (App. Div. 1949).
Under his second ground, defendant contends that the trial court erred in awarding custody to plaintiff, a non-resident, in violation of R.S. 9:2-4, as amended by P.L. 1948, c. 321, p. 1296, which provides:
"In making an order or judgment relative to the custody of the children pending a controversy between their parents, or in regard to their final possession, the rights of both parents, in the absence of misconduct, shall be held to be equal, and they shall be equally charged with their care, nurture, education and welfare, and the happiness and welfare of the children shall determine the custody or possession.
"The court may make the necessary orders and judgments from time to time in relation to such custody or possession, but the father, as such, shall not have preference over the mother as to the award of custody of such minor child if the best interests of the child otherwise may be protected, and in no case shall the court having jurisdiction in this State over the person and custody of any minor permit such child to be removed from this State where the mother or father resides in this State and is the suitable person who should have the custody of such child for its best welfare."
Defendant argues that this provision of the statute "should be construed to say that if a suitable parent resides in New Jersey, the child should not be removed therefrom;" that "where, as in the instant matter, both parents have been determined to be suitable, the statute would have no sensible meaning to avoid removal of children from this state unless `the' means `a'." To give to the statute the effect contended for by defendant would, under the circumstances here, nullify the very purpose of the law and contravene the settled rule that the best interests and welfare of the child are the determinative factors and should take precedence over conflicting claims of the parents. In construing this provision of the statute in an attempt to ascertain the legislative intent, one must consider the entire provision. We cannot limit it to the latter portion thereof, separated from that which precedes it. The first paragraph thereof provides "* * * and the happiness *138 and welfare of the children shall determine the custody or possession." We think that the only logical construction of this provision is that the award shall be made to the parent, regardless of residence, who is the most suitable person to whom the custody should be given for its "best welfare." Fried v. Fried, 99 N.J. Eq. 106 (Ch. 1926). It has been held that R.S. 9:2-4 does not preclude an award of custody to the non-resident wife where the husband, living in the State, is not the suitable person. Fried v. Fried, supra. "Misconduct, in this statute, means such conduct as to deprive the spouse of a moral right to the custody of his or her children." Carson v. Carson, 54 A. 149 (Ch. 1903, not officially reported). We think that the meaning of the word "misconduct" in the statute necessarily means proof of such "misconduct" as would characterize the parent as "unfit" or "unsuitable." Our review of the testimony convinces us that it does not support a conclusion that the one act of misconduct stamps the plaintiff as unfit. In fact, the proofs here evidence an unusually great love and affection by the mother for the child and a devotion to his best interests and welfare at all times. As a trained nurse with wide experience, Mrs. Matflerd will be employed only eight hours a day, from three in the afternoon until eleven at night, during which period the boy will be under the care and supervision of the plaintiff's mother, who is admittedly a splendid person. During the remainder of the day, the plaintiff will be free to devote her time and attention to her son. On the other hand, the husband, a medical doctor, pursuing his profession in New York City, would have opportunity to see his son only two or three times a week at the home of his parents at New Brunswick, this State. Consequently, he will not be able to give to the child the almost continuous supervision, love and affection that Mrs. Matflerd is in a position to give. The father's right of visitation has been generously provided for. The evidence here indicates, and the court so found, that neither parent is wanting in affection for their son and undoubtedly both desire to do whatever is best for him. A mere reading of the *139 testimony makes it difficult to evaluate the testimony on such an important and delicate issue. In these cases the trial court, who saw the witnesses and their manner of conduct, was in a much better position to arrive at sound conclusions on the issue of the custody of the child. We are called upon to determine whether the conclusions of the learned judge that the custody of the child should be taken from the father and awarded to the mother are justified by the proofs. From our examination of the testimony and the legitimate inferences drawn therefrom, we are satisfied that the best interests and welfare of the child, taking into consideration all the facts and circumstances, will be best served by awarding custody of him to the mother.
We think the court erred in directing that the husband pay for the transportation charges of the furniture surrendered by him to his wife, amounting to the sum of $97.85. Plaintiff urges that this part of the judgment is justified under the complaint wherein the plaintiff prayed for other and further relief. While it is true that the court made an order on June 9, 1949, "to deliver or cause to be delivered to the plaintiff the furniture in the home formerly occupied by them in Rochester, New York," it did not constitute a right of action that had accrued at the time the complaint was filed, nor was there any subsequent amendment thereto justifying the order. The order was made at the conclusion of a hearing and determination of plaintiff's application for support pendente lite, counsel fees and suit money. The court denied the application for pendente lite support and custody of the child. It is urged that the defendant consented to the form of the order and did not raise any objection to the provision. The defendant contends, however, that the trial judge erred in construing this provision as he did; that the defendant was only required to deliver or cause to be delivered the furniture, and that was the end of his responsibility. We do not find any legal support for the court's action and that part of the judgment is set aside.
We find no merit in the other grounds of appeal advanced by defendant.
*140 A counsel fee of $500 and $75 for typing appendix and brief are allowed plaintiff.
The judgment of the Chancery Division respecting custody of the minor child and the terms thereof is affirmed and that part of the judgment directing defendant to pay the charges for moving the furniture amounting to $97.85 is reversed.