13 N.J. Super. 144 (1951)
80 A.2d 306
IN THE MATTER OF THE APPLICATION OF AUDREY ELIZABETH JACKSON FOR CUSTODY OF LAURIE ELIZABETH JACKSON, INFANT.
AUDREY ELIZABETH JACKSON, PLAINTIFF-RESPONDENT,
v.
ROLAND PEARCE JACKSON, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1951.
Decided April 24, 1951.
*146 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Lionel P. Kristeller argued the cause for the plaintiff-respondent (Mr. Jay F. Dailey, attorney).
Mr. Louis J. Cohen argued the cause for the defendant-appellant (Messrs. Cohen, Klein & Rosenbaum, attorneys; Mr. Martin D. Cohen, on the brief).
Mr. Samuel F. Penza argued the cause pro se.
The opinion of the court was delivered by FREUND, J.S.C.
This appeal involves the custody of Laurie Elizabeth Jackson, an infant, born on August 22, 1947. The judgment awards custody to the mother and provides that the defendant father "may visit said child at the home of the plaintiff with whom the said child resides on Wednesday of each week at 5 P.M., for the period of one (1) hour thereafter, and on Saturday of each week between the hours of 10 o'clock in the forenoon and 12 Noon. * * *"
The trial court in its opinion determined that the plaintiff was a fit and proper person to have custody of the child, and said, "This finding makes it unnecessary for me to consider whether and to what extent the testimony respecting the allegations made as to the defendant are true or untrue, since I do not see any basis upon which this would affect the ultimate decision which I make herein." Accordingly, the court did not find the defendant to be an unfit person, thereby warranting the inference that he, too, is a fit and proper person.
For the purposes of this opinion, it is unnecessary to detail the various unfortunate episodes between the parties which resulted in their separation and the custody proceeding. *147 Our examination of the record leads to the conclusion that both the father and the mother are fit and proper persons to have custody. Therefore, the provision of the judgment of the trial court severely restricting the father's right of visitation is erroneous.
"Neither father nor mother has a greater right than the other to the custody of their child, and in a contest between them, the happiness and welfare of the child is the determining factor. R.S. 9:2-4. Richards v. Collins, 45 N.J. Eq. 284 (E. & A. 1889); Lippincott v. Lippincott, 97 N.J. Eq. 517 (E. & A. 1925); In re R.L., 137 N.J. Eq. 271, (Jayne, V.C., 1945). Children of tender years are not awarded to the mother because of any rule of law, but only because in fact the mother will usually take better and more expert care of a small child than can the father. But the problem in every case is the same, What will promote the happiness and welfare of the child?" Seitz v. Seitz, 1 N.J. Super. 234 (App. Div. 1949).
Here, the mother is better able to care for the infant, and the custody should remain with her. The father being employed, his opportunity to visit the child is necessarily limited to those times when he is not working. Consistent with the paramount concern for the welfare of the child, reasonable limitations upon the right of visitation are justified, but to confine the father to an hour on Wednesday from 5 to 6 P.M. and two hours on Saturday from 10 A.M. until noon is rather harsh. In Bierck v. Bierck, 123 A. 537 (Ch. 1923), not officially reported, the late Vice-Chancellor Leaming said: "A court always determines that, whenever custody is awarded to a parent, the other parent shall not only be privileged to see the children at all times, but shall be encouraged by the parent custodian in seeing them as freely, as fully, as often, and as long as possible, and in a manner best suited to the encouragement of mutual affection."
In Turney v. Nooney, 5 N.J. Super. 392 (App. Div. 1949), the court was concerned with a boy six years of age. Judge Jacobs said: "However, in promoting the child's welfare, *148 the court should strain every effort to attain for the child the affection of both parents rather than one. * * * We believe that, rather than decreasing the father's right of visitation, the proper direction may well be toward increasing it. * * * In any event, it is not our purpose to fix the precise times of visits or partial custody; that should be left to the advisory master whose intimate supervisory control will continue and permit, if necessary, frequent changes designed to ensure the result that the child will have the love and consortium of both parents."
Here, the child is less than four years old. As a practical matter, her extreme youth probably precludes any extended visitation by her father at this time. However, we are of the opinion that the advisory master, always with a view to the best interests and welfare of the child and the desirability of the consortium of both parents, should consider granting to the father the right to take the child with him from the home of the mother, for the afternoon, for the day, and, when she is older, for the weekend. Willis v. Willis, 118 A. 333 (Ch. 1922).
The appellant does not dispute the right of the court to award a counsel fee in a proceeding over the custody of a child, nor the amount allowed in this case. But he argues that the award was unwarranted because allegedly the wife who brought the proceeding deserted her husband. We see no merit in this point. Rule 3:54-7 (a) authorizes the allowance of counsel fees in a matrimonial action "to be paid by any of the parties to the action, charging, if it deems it to be just, any party successful in the action. * * *" Rule 3: 82 (b) prescribes that the term "matrimonial actions" includes "all actions brought under the parens patriae jurisdiction for the custody of infants." Seitz v. Seitz, 6 N.J. Super. 65 (App. Div. 1949). The court having in its discretion made an allowance it deemed just, it will not be disturbed.
The cause is remanded to the Chancery Division for further proceedings respecting the defendant's right of visitation, in accordance with this opinion.