26 N.J. Super. 154 (1953)
97 A.2d 505
JOHN HOWARD GROVE, PLAINTIFF-APPELLANT,
v.
FRANCES JOAN GROVE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1953.
Decided May 25, 1953.
*155 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. George Pellettieri argued the cause for appellant.
No appearance for respondent.
The opinion of the court was delivered PER CURIAM.
The conventional judgment nisi dissolving the marriage between these parties awarded the custody of the infant daughter to the defendant-mother with a right of visitation accorded the plaintiff, and directed the latter to pay weekly the sum of $25 for the support of the defendant and that of the child. The week-end periods of visitation were designated by the terms of a consent order. Both parties were residents of New Jersey. The plaintiff appealed from the award of the custody of the child. The Appellate Division declined to nullify that part of the judgment but ordered that the judgment in that respect "be amended to include a provision directing the probation office of the county where the child resides with the mother to make periodic, comprehensive reports to the court as to the status of the custody. Rule 3:87-12(b). The first report shall be made on or before November 1, 1952. The results of such investigation shall be reduced to writing by the probation office and the report filed with the court. Rule 3:87-12." The cause was remanded accordingly.
Meanwhile the defendant had manifested her desire to take the child to Miami, Florida, and share the responsibility of the custody with the child's maternal grandmother, who resides there.
*156 Although the record before us is barren of any inaugural action by either party, an order to show cause was granted by the Superior Court judge on November 14, 1952 calling upon the plaintiff and others to reveal why they should not be held in contempt for ignoring the provisions of the judgment nisi and upon the defendant and her attorney to disclose why the "order relating to custody and visitation of the said child should not be modified."
The plaintiff was not informed of the accusations, if any, of the intimated contemptuous behavior, nor was he forewarned of any reasons suggested for the modification of his opportunities of visitation with the child.
On January 9, 1953, after a summary hearing on December 1, 1952 in pursuance of the order to show cause, an order was made permitting the defendant to take the child to Florida, reserving for future consideration the opportunity of the plaintiff to have the custody of the child during the summer months. No security to constrain the return of the child to this jurisdiction was required. The legal and factual propriety of that order is transported to us for review by means of the present appeal.
We have examined the testimony adduced at the hearing and have observed that the reasons for the granting of the order are stated in its prefatory recital, which we quote:
"WHEREAS, custody of the minor child, Jacqueline Grove, in this matter has been granted to the defendant, and it is necessary for the defendant to supplement her income and she finds that her purpose can best be served by living in Florida, where she can find employment; and it appearing that the visitation of the child by the father in the state of Florida will not be inconvenient."
We are unable to discover any evidence to support the conclusions that the defendant can obtain more remunerative employment in Florida than her present one in New Jersey and that the visitations of the plaintiff from his place of business and domicile in Toms River, New Jersey, to Miami, Florida, "will not be inconvenient."
Recognizing that in the conditions existing in the present case the Legislature has expressed its oppugnancy to *157 such an order except upon "cause shown" (R.S. 9:2-2), we think the stated reasons, even if inferred, did not constitute adequate cause for such a liberal and unconditional order. Our public policy in such matters ought not be ignored. Vide, Merwin v. Merwin, 140 N.J. Eq. 104 (E. & A. 1947). The welfare of the child is the consideration of supreme concern. The order seems rather to have been responsive to the personal aspirations of the defendant.
Incidentally, we have noticed that the mandate of the Appellate Division in the appeal to which reference has been made was filed on September 25, 1952; the order to show cause was made in this proceeding on November 14, 1952, the hearing held on December 1, 1952, and the judgment nisi was amended in obedience to the mandate on December 10, 1952. It is not evident that any investigation was made and that any report thereof was filed in fulfillment of the definite purpose of the Appellate Division.
The order under review is reversed.