38 N.J. Super. 120 (1955)
118 A.2d 89
MARY PATRICIA SHEEHAN, PLAINTIFF-RESPONDENT,
v.
DANIEL C. SHEEHAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1955.
Decided November 15, 1955.
*122 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Richard J. Mackey argued the cause for the defendant-appellant.
Mr. Abe D. Levenson argued the cause for the plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
This proceeding is a contest over custody of the parties' three minor children. The appellant, Dr. Daniel C. Sheehan, and the respondent, Mary Patricia Sheehan, were married in this State on October 10, 1934. The children of the marriage are Patricia, 19 years of age; Suzanne, 15; and Diane, 13. In March 1954 a decree nisi of divorce was awarded the husband on the ground of adultery. By the judgment of divorce, custody of the children was awarded to the father, subject to reasonable visitation by the mother and custody by her for at least six weeks during the summer.
On July 1, 1954 Mrs. Sheehan obtained an order from the Superior Court granting her custody of the children during the months of July and August, subject to the condition that they not be removed from this State. As of the date of the order, the children were residing with their mother. On September 21, 1954 she filed a petition with the court asking that judgment of custody be modified and that complete custody be awarded to her. She claimed in this *123 petition that the children were unhappy with their father, that they were reluctant to return to his home in Newark, that during the summer they had been very happy and contented to be with her and wanted to continue to live with her. Further, that their father had neglected to show any "love, affection or interest" for them. Appended to the mother's petition were affidavits of the three children, all couched in substantially the same language, asking that they be allowed to remain in their mother's permanent custody.
The hearing on the application for change of custody was held on December 15, 1954. Mrs. Sheehan had on August 16, 1953 married the man named as co-respondent in the divorce proceeding and was then living with him in a one-family house in a desirable residential neighborhood of Bethesda, Maryland. She testified that her husband was willing that the children live there with them. She agreed to pay the expenses of an investigation of her home by the Essex County Probation Department should the court be disposed to grant custody to her.
Suzanne Sheehan testified that she was content when living with her mother, preferred living with her to living with her father and that she had ill feeling toward him because "he has put us through unnecessary aggravations and troubles." At this point in the direct examination, counsel for Dr. Sheehan interrupted and asked the court for a five-minute recess. Upon resumption of the trial he represented to the court that Dr. Sheehan agreed:
"* * * that the custody of the children should be modified and the order should provide that the custody of the children of this marriage be with the mother. The father shall have the right of unlimited visitation; * * *."
Further, the father agreed to pay $100 per month for the support of each of the two younger girls and to pay Patricia's tuition and maintenance at college.
Mrs. Sheehan was recalled and agreed to the settlement offered by Dr. Sheehan's counsel, including a requirement that she post a $1,000 bond to secure the terms of the agreement. *124 Immediately thereafter, Dr. Sheehan was called and his counsel, after some preliminary questions, asked:
"Q. The proposition which I made to the Court and which I make now to you is this: You do not desire to contest the matter of custody. While it was with you under the judgment nisi, now it will be with your former wife, who is now Mrs. Tarrant. A. Yes, sir. * * *
Q. And you are satisfied, is that correct? A. I hope so; Yes, sir."
After colloquy between the court and the witness in the course of which the terms of settlement were discussed in detail, the court said:
"May I ask one more question: You are agreeing to these terms that have been related purely for the welfare of the children?
The witness: Yes, sir."
On January 10, 1955 application was made for the signing of the order modifying custody, in accordance with the terms agreed upon. Dr. Sheehan's counsel then stated that his client wished to withdraw from his agreement and to be granted leave to give his reasons for such action. The court was reluctant to permit Dr. Sheehan to testify because it felt that his agreement had been conclusive and that any further testimony would be mere surplusage. Nevertheless, he was permitted to take the stand. He explained that he did not understand the full implication of his agreement; and that after time for full consideration he realized that the children's residence in Bethesda, Maryland, in view of its distance from Newark, New Jersey, would present a serious obstacle to his rights of visitation. The court, after examining Dr. Sheehan, concluded that he knew "exactly what the true situation was" at the time he agreed to the settlement. Accordingly, the order of modification was entered, providing, inter alia:
"(4) That the said mother, Mary Patricia Sheehan (now known as Mary Patricia Tarrant) shall have the right and authority to remove said children from the jurisdiction of this Court, to wit; *125 to Bethesda, Maryland, where they may continue to live and reside with the said mother until the further order of this Court to the contrary."
Dr. Sheehan appeals from the entire order.
While the appeal was pending, counsel for Dr. Sheehan on October 17, 1955 applied to this court for an order to show cause why the appeal should not be stayed until the present whereabouts of the children of the parties could be definitely determined and why their custody should not be forthwith restored to Dr. Sheehan. In support of this motion Dr. Sheehan by affidavit stated that the children, Suzanne and Diane, had left their home and school in Bethesda, Maryland, and had in violation of the order of this court been taken by their mother to Puerto Rico. There are no affidavits or proofs by Mrs. Tarrant before us to contradict Dr. Sheehan's charges, although her counsel admits she has taken the children to Puerto Rico.
The appellant urges as error the trial court's refusal to permit him to withdraw his consent to the agreement and to be heard on the merits. We are satisfied that Dr. Sheehan fully and completely understood the nature and effect of his agreement. Nothing that he offered by way of explanation for reneging is legally compelling. However, the agreement is not dispositive of the issue, since the determining factor is the present and future welfare of the children. Callen v. Gill, 7 N.J. 312 (1951). Whatever the agreement of the parents, the ultimate determination of custody lies with the court in the exercise of its supervisory jurisdiction as parens patriae.
It is axiomatic that the primary concern of the court is the welfare of the child. The language of Justice Minturn in Lippincott v. Lippincott, 97 N.J. Eq. 517 (E. & A. 1925) states the rule:
"Manifestly, the touchstone of our jurisprudence in matters dealing with the custody and control of infants is the welfare and happiness of the infant, and not the filial affections naturally arising from parental or family relationship." *126 See also In re Erving, 109 N.J. Eq. 294 (Ch. 1931) and Scanlon v. Scanlon, 29 N.J. Super. 317 (App. Div. 1954), and cases therein collected.
Each case must be determined on its own particular facts and circumstances, Matflerd v. Matflerd, 10 N.J. Super. 132 (App. Div. 1950), certification denied 6 N.J. 398 (1951), but there are established general rules to be followed. In the absence of misconduct by the mother, it is customary to award her the custody of a child of tender years. In re Jackson, 13 N.J. Super. 144 (App. Div. 1951). The age, health and sex of the child are to be considered. The court may take into consideration the wishes of the child, but it is not bound thereby. Clemens v. Clemens, 20 N.J. Super. 383 (App. Div. 1952). The policy expressed by our statutes is against awarding custody to a parent who will take the child to another state. Merwin v. Merwin, 140 N.J. Eq. 104 (E. & A. 1947); Grove v. Grove, 26 N.J. Super. 154 (App. Div. 1953). However, it is permissible if in the best interest of the child. Bruguier v. Bruguier, 12 N.J. Super. 350 (Ch. 1951).
Here, the trial court based its determination solely upon the parties' agreement, acknowledging that "the Doctor had not been given a full hearing in this matter." Had there been a full hearing it is entirely possible the petition might not have been granted. Dr. Sheehan's change of heart before the entry of the order of January 10, 1955 should have impelled the trial judge to proceed to a full hearing, not out of solicitude for the father, but because his production of proofs might have tended to assure the fullest disclosure of all matters material to the welfare of the children.
In view of the foregoing we are constrained to remand the issue to the trial court for a full hearing so that all the facts and circumstances regarding the fitness of the parents and the welfare of the children may be considered. In the usual case, an agreement of settlement entered into in open court would be binding upon the parties. However, where the welfare of children is concerned, such agreements cannot be the sole determinant, for it is the court's duty to ground *127 its judgment upon the best interests of the children, Cohen v. Cohen, 6 N.J. Super. 26 (App. Div. 1949); Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617 (Idaho Sup. Ct. 1949); Buchanan v. Buchanan, 170 Va. 458, 197 S.E. 426, 116 A.L.R. 688, 698 (Va. Sup. Ct. App. 1938); 27 C.J.S., Divorce, § 311; 17 Am. Jur., Divorce and Separation, § 682, which can be ascertained only by a full and complete hearing on all the issues, McLaughlin v. McLaughlin, 133 N.J. Eq. 72 (E. & A. 1943). Admittedly, such a hearing was not had.
The fact that Mrs. Tarrant may be in contempt of court because of her action in taking the two younger children out of the State of Maryland contrary to the order of this court is a matter for separate determination and should not of itself be grounds to award custody to Dr. Sheehan if unmerited under the established rules. This circumstance, if established as true, should be given consideration by the trial judge in determining the issue of custody. In re Shaheen, 127 N.J. Eq. 75 (E. & A. 1940).
Accordingly, the issue is remanded for a full hearing.