142 N.J. Super. 499 (1976)
362 A.2d 54
IN THE MATTER OF J.S. & C.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1976.
Decided June 22, 1976.
Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Seymour Wishman argued the cause for the appellant (Messrs. Barry, Lofton and Wishman, attorneys; Ms. Marilyn G. Haft, American Civil Liberties Union, on the brief).
*500 Mr. Richard L. Amster argued the cause for the respondent (Messrs. Amster & Levin, attorneys).
PER CURIAM.
Defendant father appeals from two orders of the trial court. The first, an order of December 23, 1974, provided for his visitation (with limitations) with the three minor children of the dissolved marriage.[1] The second, an order of April 8, 1975, among other things, (a) awarded a counsel fee of $10,000 to the attorneys for plaintiff mother, $3,000 of which is required to be paid by defendant, and (b) denied defendant's attorneys' application for an award of a counsel fee.
At oral argument counsel informed us of a further order made by the trial judge on August 6, 1975. The terms of this later order, to which the parties apparently agreed, include: permission for the mother to establish a permanent abode outside of New Jersey and to have the children reside there with her,[2] and amendment of the visitation schedule in the December 23, 1974 order to provide the father "with one week's visitation during the Christmas school holidays, one week's visitation during the Easter school holidays, and four weeks' visitation during the summer school vacation." The term of the August 6, 1975 order to which the parties did not agree (item numbered "(4)" thereof), is that which in effect continued in force the provisions of the December 23, 1974 order relating "to the mode and manner in which defendant may exercise his right to visitation with" the children.[3] This is the only aspect of the visitation order which is in issue on this appeal.
*501 We affirm the order for visitation under review (as modified by the order of August 6, 1975) substantially for the reasons expressed by Judge Lucchi in his opinion of July 26, 1974 reported at 129 N.J. Super. 486 (Ch. Div. 1974).
Additionally, the order for counsel fee under review (as modified by the order of August 6, 1975 in regard to the provision relating to the mortgage on the marital home) is affirmed substantially for the reasons expressed by Judge Lucchi at the hearing of March 10, 1975. Beyond this we note that, in light of the record and counsel's certification as to services, "the amount of the allowance may be considered to be within the broad limits of the trial court's discretionary authority." Schlemm v. Schlemm, 31 N.J. 557, 585 (1960); Fern v. Fern, 140 N.J. Super. 121, 125 (App. Div. 1976); R. 4:42-9(a) and R. 4:75. No costs.
NOTES
[1] The terms of the visitation order are those set forth in the opinion of the court at 129 N.J. Super. 486, 498.
[2] We are informed that the mother has remarried and is presently living with her husband and the three children in Ohio.
[3] See conditions set forth by the trial judge at 129 N.J. Super. 486, 498. In regard to condition numbered "2" we were informed by counsel at oral argument that "The Firehouse" was destroyed by fire.