603 A.2d 137

MARY PATERNO, PLAINTIFF, v. WAYNE PATERNO, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Bergen County

Decided October 28, 1991.

*Robert A. Ferraro,* for plaintiff.
*Anthony P. Sciarrillo,* for defendant.

KRAFTE, J.S.C.

The underlying question which must be answered by this court is one of first impression in this State and concerns whether this court can retain full jurisdiction to grant all of the relief that a court of equity could grant prior to the enactment of *N.J.S.A.* 2C:13–4, entitled "Interference with Custody."

This matter comes before this court as the result of a post-matrimonial motion, whereby defendant, Wayne Paterno, sought to enforce his visitation rights under the parties' proper-

ty settlement agreement, with his minor child, Jennifer. Defendant alleges that his ex-wife, plaintiff, Mary Paterno, denied him his visitation rights with their daughter. In her responding certification, plaintiff stated that as a result of an argument between herself and defendant's mother, defendant directed plaintiff not to drop the infant child off at defendant's mother's home in the future. Mr. Paterno's reply alleged that the parties argued as a result of plaintiff telling his mother that she would no longer see her granddaughter, and that plaintiff then kept him from seeing their child for more than two weeks in violation of both their property settlement agreement and in violation of *N.J.S.A.* 2C:13–4. The matter was referred to the Bergen County Prosecutor.

However, this court finds that although plaintiff may be in violation of a criminal statute (*N.J.S.A.* 2C:13–4), plaintiff may concurrently be in violation of *R.*1:10–5, "Violation of Litigant's Rights."

The legislative history attendant to the criminal statute does not imply removal of sanction control from the jurisdiction of courts of equity. Rather, equity itself demands that the matter remain with this court, as well as being referred to the prosecutor for possible action. Clearly, there is a lack of available precedents.

> Such absence, is in itself, not determinative of the issue. A court of equity will not be foreclosed from acting by lack of precedents, nor by the uniqueness of the problem, especially when there is no reasonable alternative remedy. [*State v. East Shores, Inc.*, 154 *N.J.Super.* 57, 64, 380 *A.*2d 1168 (1977)]

In fact:

> Law and equity now being merged under our practice and procedure, there is concurrent jurisdiction in the Superior Court. Thus, this court will exercise its equitable powers to reach a fair and just result. [*713 Co. v. Jersey City*, 94 *N.J.Super.* 210, 217, 227 *A.*2d 530 (Law Div.1967)]

Although these are civil cases, no reason exists for deviation from this pronouncement.

Nowhere are the equitable powers of the Chancery Division more crucial than in the realm of child custody and

visitation in post-matrimonial actions. While this court does acknowledge long-standing precedents concerning the fundamental right of each of the married partners to pursue his or her own destiny, there is some restraint on that freedom of pursuit which is imposed by the fact that there are children of the failed marriage. *Helentjaris v. Sudano,* 194 *N.J.Super.* 220, 229, 476 *A.*2d 828 (App.Div.,1984). But these restraints extend only to the requirement that the decisions of the custodial parent be reasonably consistent with the right of the child and the non-custodial parent to maintain, develop and promote a parental relationship. *Id.* at 229, 476 *A.*2d 828. It has been, and this court does recognize that the personal wishes of a parent do not govern the conditions of custody or visitation. *DeVita v. DeVita,* 145 *N.J.Super.* 120, 128, 366 *A.*2d 1350 (App.Div.,1976). However, this court abhors nothing more than the abuse of visitation and custody provisions by a parent merely acting out of anger or a sense of revenge.

Courts cannot instill charity and understanding in humans or teach them how to be mature persons. Nor is that our function. People are what they are for good or for bad, but unfortunately may influence others whose lives they touch in subtle ways which are not necessarily in their best interest.

It is well settled that the law favors visitation and protects against the thwarting of visitation rights. *In re J.S. & C.,* 129 *N.J.Super.* 486, 487, 489 [324 *A.*2d 90] (Ch.Div.1974), aff'd o.b. 142 *N.J.Super.* 499 [362 *A.*2d 54] (App.Div.1976); *Daly v. Daly,* 39 *N.J.Super.* 117 [120 *A.*2d 510] (Cty.Ct.1956), aff'd 21 *N.J.* 599 [123 *A.*2d 3] (1956). In *Daly* the principle [which has equal application today] was stated that the courts should endeavor that children of separated parents should be imbued with love and respect for both parents, and where children are in custody of one parent, the court should endeavor to effect this facet of the children's welfare by conferring reasonable rights of visitation of the other parent. *Id.* at 123 [120 *A.*2d 510] citing *Turney v. Nooney,* 5 *N.J.Super.* 392, 397 [69 *A.*2d 342] (App.Div.1949); *Bierck v. Bierck,* 123 *A.* 537 (Ch.Div.1923) (not officially reported); *In re Jackson* 13 *N.J.Super.* 144, 145, 147 [80 *A.*2d 306] (App.Div.1951). [*Wilke v. Culp,* 196 *N.J.Super.* 487, 495–496 [483 *A.*2d 420] (App.Div.1984)].

Accordingly, when one parent wilfully violates the visitation of the other parent, *this* court must act swiftly and affirmatively.

Therefore, this court finds that despite an alleged basic violation of a criminal statue (*N.J.S.A. 2C:13-4)*, such actions

may also be a violation of *R.* 1:10–5. This court finds that it retains full jurisdiction to grant all relief that was available to a court of equity prior to the enactment of the criminal statute. This court finds that the matter is not removed from its jurisdiction as a result of the passage of *N.J.S.A.* 2C:13–4, but remains within the jurisdiction of the Family Part, subject to all remedies and powers of relief available to this court.