948 A.2d 709 (2008)
400 N.J. Super. 567
Christine Saba FAWZY, Plaintiff-Respondent,
v.
Samih FAWZY, Defendant-Appellant.
Docket No. A-5337-06T1
Superior Court of New Jersey, Appellate Division.
Argued April 23, 2008.
Decided June 16, 2008.
*710 Dale E. Console, Kingston, argued the cause for appellant.
Brian G. Paul, Lawrenceville, argued the cause for respondent (Szaferman, Lakind, Blumstein, Blader & Lehmann, P.C., attorneys for respondent; Mr. Paul, of counsel and on the brief).
Before Judges CUFF, LIHOTZ and SIMONELLI.
The opinion of the court was delivered by
SIMONELLI, J.S.C. (temporarily assigned).
Defendant Samih Fawzy appeals from the May 14, 2007 amended judgment of divorce, which confirmed and enforced an arbitration award of primary physical custody of the parties' children to plaintiff Christine Saba Fawzy, and parenting time to defendant. The primary issue in this appeal is whether parties in a matrimonial action can agree to binding, non-appealable arbitration of child custody and parenting time issues. We conclude that such an agreement violates the court's parens patriae obligation to protect the best interests of the children and is void as a matter of law.

I.
Plaintiff and defendant were married on September 28, 1991. They have two children: A.F.[1], born on February 8, 1996, and R.F., born on June 2, 1997. On September 13, 2005, plaintiff filed a complaint for divorce.
The parties appeared for trial on January 22, 2007. After discussing the matter for several hours, the parties agreed to submit all issues, including custody and parenting time, to binding, final, non-appealable arbitration pursuant to N.J.S.A. 2A:24-1 to -11,[2] and to have Leonard R. Busch, Esq. (Busch) serve as both arbitrator and guardian ad litem (GAL).[3] Prior to placing the agreement on the record, the trial judge warned the parties that the arbitrator's decision would be final and could not be appealed or changed except for a change in circumstances relating to child support and alimony. The parties, under oath, placed their agreement on the record.
A judgment of divorce was entered on March 6, 2007, granting the divorce and ordering the parties to attend binding arbitration. On March 14, 2007, the parties' attorneys signed an interim arbitration order, setting forth details regarding the arbitration process.[4] On March 14, 19, 20 and 22, 2007, Busch heard testimony on the custody and parenting time issues.
Apparently sensing the arbitration was not proceeding in his favor, on or about March 28, 2007, defendant filed an order to show cause, seeking to restrain Busch *711 from making a custody or parenting time award. Defendant claimed he felt "extremely pressured and under duress" when he agreed to the arbitration, and argued that custody and parenting time issues could not be arbitrated as a matter of law. Defendant requested a plenary hearing. The trial judge denied the application.
On April 4, 2007, Busch issued a custody and parenting time award. The arbitration continued with respect to the remaining financial issues. Defendant then retained new counsel, who filed another order to show cause to vacate the arbitration award, to disqualify Busch, to restrain Busch from any further participation, to require a de novo review of the award, and to stay the award pending appeal. The trial judge denied the application and entered an amended judgment of divorce on May 14, 2007, confirming and enforcing the award, and ordering the parties to comply with its terms. This appeal followed.[5]

II.
Defendant does not contend that his children are at risk as a result of the award, or that the award is against their best interests. Rather, he argues that the parties cannot bargain away the court's obligation to review the best interests of the children by agreeing to binding arbitration of custody issues. Although we are troubled by defendant's failure to show the award harms his children's safety, happiness, or physical, mental or moral welfare, we agree that parties in a matrimonial matter cannot enter into an agreement to submit custody issues to final, binding, non-appealable arbitration.
Arbitration is a favored remedy, the essential purpose of which is "to offer a swift and efficient alternative to traditional litigation[.]" Kimm v. Blisset, L.L.C., 388 N.J.Super. 14, 30, 905 A.2d 887 (App.Div.2006), certif. denied, 189 N.J. 428, 915 A.2d 1051 (2007). Our courts have encouraged the use of various alternative dispute resolution devices, including arbitration, to address certain issues presented in matrimonial matters. In Chen v. Chen, 297 N.J.Super. 480, 489, 688 A.2d 636 (App.Div.1997), we summarized the beneficial aspects of arbitration in the family law context, and in Faherty v. Faherty, 97 N.J. 99, 108, 477 A.2d 1257 (1984), our Supreme Court approved of binding arbitration of alimony disputes. However, the Court did not extend this approval to child support and custody issues. As to binding arbitration of child support issues, the Court held as follows:
Nevertheless, we recognize that the courts have a nondelegable, special supervisory function in the area of child support that may be exercised upon review of an arbitrator's award. We therefore hold that whenever the validity of an arbitration award affecting child support is questioned on the grounds that it does not provide adequate protection for the child, the trial court should conduct a special review of the award. This review should consist of a two step analysis. First, as with all arbitration awards, the courts should review child support awards as provided by N.J.S.A. 2A:24-8. Second, the courts should conduct a de novo review unless it is clear on the face of the award that the award could not adversely affect the substantial best interests of the child.
. . . .
Thus, only an arbitrator's award that either reduced child support or refused *712 a request for increased support could be subject to court review beyond the review provided by statute, because only such an award could adversely affect the interests of the child. However, even awards reducing support would be subject to court review only if they adversely affected the substantial best interests of the child. The substantial best interests of the child are not affected when the reduction in support or the denial of additional support is petty or frivolous, but only when it actually and materially affects the child's standard of living.
[Id. at 109-10, 477 A.2d 1257.]
The Court also suggested, but did not hold, that these requirements could attach to arbitration of custody and parenting time issues. The Court stated:
We do not reach the question of whether arbitration of child custody and visitation rights is enforceable since that issue is not before us. However, we note that the development of a fair and workable mediation or arbitration process to resolve these issues may be more beneficial to the children of this state than the present system of courtroom confrontation. Accordingly, the policy reasons for our holding today with respect to child support may be equally applicable to child custody and visitation cases.
As we gain experience in the arbitration of child support and custody disputes, it may become evident that a child's best interests are as well protected by an arbitrator as by a judge. If so, there would be no necessity for our de novo review. However, because of the Court's parens patriae tradition, at this time we prefer to err in favor of the child's best interest.
[Id. at 110-11, 477 A.2d 1257 (citations omitted).]
Although noting that development of a more workable custody arbitration process may be more beneficial, the Court ultimately deferred to the court's traditional parens patriae role. That role requires the trial court to determine the best interests of the children regardless of any agreement as to custody and parenting time. Wist v. Wist, 101 N.J. 509, 511-12, 503 A.2d 281 (1986); Cooper v. Cooper, 99 N.J. 42, 66, 491 A.2d 606 (1984); Sheehan v. Sheehan, 38 N.J.Super. 120, 125, 118 A.2d 89 (App.Div.1955). Thus, until the Court addresses this issue, we conclude that custody and parenting time issues cannot be subject to binding arbitration or to any form of arbitration that restricts the court's ability to consider the best interests of the child.
Reversed and remanded for a plenary hearing on the custody and parenting time issues. Shaw v. Shaw, 138 N.J.Super. 436, 440, 351 A.2d 374 (App.Div.1976); R. 5:8-6.
NOTES
[1] The names of the children have been abbreviated to protect their confidentiality.
[2] The parties erroneously designated N.J.S.A. 2A:24-1 to -11 as governing the arbitration. N.J.S.A. 2A:23B-1 to -32 is the correct statute.
[3] The court had appointed Busch GAL on December 8, 2006.
[4] The trial judge did not sign this order and it is unclear if it was entered on the docket.
[5] On July 11, 2007, Busch issued a final arbitration award, which included the financial issues. The court entered a second amended judgment of divorce on August 3, 2007, confirming, enforcing, and incorporating the entire award.